Read v. Riddle.

---

JOSEPH J. READ, PLAINTIFF IN ERROR, v. MARY A. RIDDLE, DEFENDANT IN ERROR.

Where money was paid to an agent, under an agreement with his principal for the sale of real estate, upon the promise of the agent to return it in case it should turn out that the principal had not a good title, and the sale fell through because the principal had no title in fee to the property, *Held*, that an action would lie against the agent for the money thus deposited.

Error to Atlantic Circuit.

For the plaintiff in error, *Garrison & French*.

For the defendant in error, *Thompson & Endicott*.

The opinion of the court was delivered by

THE CHANCELLOR. Mrs. Maison, through Read as her agent, sold to Mrs. Riddle a tract of land in Atlantic City, for $25,000. There was a written agreement between the parties,

dated March 30th, 1883. The deed was to be delivered on or before April 27th, in that year. On making the agreement, Mrs. Riddle paid to Read $500 on account of the price. The sale fell through because Mrs. Maison had no title in fee to the property. She had only her dower therein as widow of Peter B. Maison, who died intestate, seized of the land. He left several children. Mrs. Riddle afterwards got title to the premises by deed from Mrs. Maison and the children, but such conveyance was not under or in pursuance of the agreement between her and Mrs. Maison, but in execution of another subsequent one between her and the heirs. When Mrs. Riddle paid the $500 to Read, he promised to return it to her in case it should turn out that Mrs. Maison had not a good title. This suit was brought by Mrs. Riddle against him to recover the $500. When the action was begun he had not paid the money over to Mrs. Maison. At the trial his counsel asked the court to charge that the action could not be maintained because Read received the money merely as the agent of Mrs. Maison, and the payment to him was in fact payment to her. The judge refused to so charge, and, on the contrary, charged that under the evidence the action could be maintained. The charge was correct. Under the circumstances, Read was liable to Mrs. Riddle for the return of the money. Where an agent, being a stakeholder, receives a deposit, which he pays over before the conditions upon which it is to be paid are fulfilled, he is liable for the deposit. *Ewell's Evans' Agency* 313; *Story on Agency*, § 206. In *Burrough* v. *Skinner*, 5 *Burr*. 2639, it was held that an auctioneer was liable to an action by a bidder, to recover the deposit, where the latter had sufficient reason not to proceed to complete the sale, and the money had not been paid over to the principal. To the same effect are the cases of *Edwards* v. *Hodding*, 5 *Taunt*. 815, and *Gray* v. *Gutteridge*, 3 *Car*. & *P*. 40. Where payment of money, through a mistake of fact, is made to an agent, he is liable to the payer, unless, without notice, he has paid it over to his principal or has given him credit for it. *Addison on Contracts*, § 87. And it is held that if he mis-

leads the plaintiff by giving him to understand that he has not paid over the money, and thereby induces the plaintiff to sue him for its recovery, he is precluded from insisting upon the defence that he has paid it over. *Edwards* v. *Hodding, ubi supra.* In the case in hand, Read expressly promised Mrs. Riddle that he would return the money to her in case it should turn out that his principal's title was not good. There is no error in the judgment. It should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, MAGIE, PARKER, VAN SYCKEL, BROWN, COLE, McGREGOR, PATERSON. 11.

*For reversal*—None.