No. 6776.

# LUKENS IRON AND STEEL COMPANY vs. CHARLES GITZINGER, ET AL.

## Syllabus.

In determining the value of an object, the price it brought at a Sheriff's Sale and at a private sale made by the purchaser from the Sheriff will control rather than the opinion of witnesses as to its value.

. Appeal from the Civil District Court, Parish of Orleans, No. 102, 905, Division "B"; Hon. Fred. D. King, Judge. Amended and Affirmed.

Solomon Wolff, for plaintiff and appellant.

J. B. Rosser, Jr., for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court as follows:

The defendant herein, Charles Gitzinger, sued J. F. Mason & Co., for rent, and provisionally seized certain machinery found on the leased premises. The plaintiffs herein filed an affidavit claiming that the machinery was their property and that it was not subject to the lessor's privilege, because it happened to be on the leased premises only transiently and to be "repaired." Being informed that the machinery had been on the leased premises for several months the lessor persisted in the Seizure, and furnished the necessary bond. In due course of Law the lessor obtained judgment, seized, and advertised the machinery for sale. It was sold at Sheriff's Sale for $62.00. On the trial of plaintiff's intervention, in which he claimed that his machinery was not subject to the lessor's privilege, the Judge of the District Court rejected his claim. This Court reversed this judgment, and decided that the machinery had been sent to

34

the leased premises originally to be "repaired", and was therefore there only "transiently" and did not lose that character by length of time. Thereupon the plaintiff brought this suit claiming $350.00 as the value of the machine. There was judgment for plaintiff as prayed for, which was reversed on appeal for want of sufficient evidence as to value, and the case remanded. Upon the second trial plaintiff obtained a judgment for only $120.00. He has appealed.

The only question for decision is what amount shall defendant pay the plaintiff as the value of the machinery.

The above statement of facts shows that the defendants were in perfect good faith and that they had been advised by their counsel that they have a legal right to seize the machinery. His good faith is made evident by the fact that he signed the bond required by the Sheriff. Litigants are not to be dissuaded from the exercise of what they are informed is their legal rights by the fear of speculative damages. Plaintiffs have not sued for damages suffered by them as a consequence of the seizure, but have restricted their claim to the loss of the machinery which they aver was "well worth the sum of $350.00". The plaintiff's manager testifies that they bought this machine in 1904, in Chicago for $733.00, it was then second-hand; they used it several years; about the year 1911 some part of the machine was broken, and the vendors made a bid of $47.00 to furnish new parts; the plaintiffs concluded to have the machine repaired by Masson & Co., of this city. The latter tried to make the repairs on plaintiff's premises during some twelve months, but failed, and they then moved the machine to their shop where it remained unrepaired for some 4 months up to the day of seizure, Nov. 22d, 1912. On the occasion of the seizure plaintiff claimed the machine was worth $350.00, and

on the trial he testified it was still worth what he paid for it, less the cost of repairs, and again that it was worth $500.00, if it was worth a cent. He was present at the Sheriff's Sale and did not bid on the machine, although he bid on other articles.

A Constructor of Steel Works swears that in 1908 he was asked $1950 for a machine like the one in this case; that after being used a few years it was worth at least one half; such a machine is unbreakable and should last 30 or 40 years. But this witness does not deal in machinery new or old, and does not repair any and is no judge of its value; he makes steel beams for buildings, and never used a machine like that.

The manager for plaintiff's vendor testifies that they sold this machine to the plaintiff; that it was then second-hand, that it had been in the possession of its former owner some two and one-half years, the original price was $900.00; it should now be worth at least $600.00 as there is very little wear and tear upon it and its life is indefinite if properly taken care of; he would give $450.00 for it and could easily sell it for $600.00.

A clerk in the same office corroborates the above testimony as to the cost of the machine and its present value.

The defendant on the other hand produced testimony of Nathan S. Stern. He is president of the Stern's Foundry & Machinery Company, dealers in second-hand machinery for about 28 years; they purchased plaintiff's machine at the Sheriff's Sale for $62.00 in competition with other bidders, and sold it about one year after for $125.00, to a purchaser from Florida; he is an expert in the value of second-hand machinery; had made no investigation as to the value of such a machine; there is not very much demand for such a machine; the machine was not in working order; it

would have cost between $40 and $50. dollars to repair it; he sold it to the first buyer.

We are thus confronted with the positive facts that the original value of the machine was $900.00; that after it had been used two and one-half years, it was sold to the plaintiffs for $733.00; and that after they had used it for some seven years, it became worn and out of order as to some parts, and that after unsuccessful attempts to repair it during some fifteen months, it was sold at Sheriff's Sale for $62.00 and at a private sale for $125.00. As against these positive facts we have the opinions of the owner of the machine that it was worth anywhere from $350.00 to $700.00, and of the vendors of plaintiffs, who had not seen the machine for eight years, that it was worth $600.00.

In contradiction of these opinions is the conduct of plaintiffs who permitted the machine to be out of repair and out of use for over a year, who stood by at the Sheriff's Sale and allowed the machine to be sold for $62.00, and who never made any attempt afterwards to buy the machine from the purchaser at Sheriff's Sale, from whom they could have purchased it for $125.00. Their inaction has contributed to their loss and their conduct has depreciated the value of the machine in our eyes. We do not think that any reliable value has been established beyond the last private sale at $125.00.

> 16 *Cyc.* 1139; 7 *A.* 487; 28 *Am. & Eng. Enc.*
> *Law,* 2nd *Ed. v. Trover, p.* 721 (d) 725;
> 38 *Cyc.* 2089-2092.

Increasing the judgment in favor of plaintiffs to $125, it is hereby affirmed at the cost of defendants in both courts.

Opinion and decree, October 23rd, 1916.

For former opinion, see Vol. XII, p. 202.