# CASES

### DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

#### AT THE

## MARCH TERM, 1919

---

### 10152.   HORSLEY *v.* McLEOD *et al.*

The general rule that parol evidence will not be received to vary an unambiguous written contract applies to the contract for compensation for services in the sale of land in this case; and it was error not to strike the entire plea of the defendants, which the court below held to be sufficient so far as it set up that the sale was made, not under the written contract, but under a previous parol agreement, although holding it insufficient so far as it set up fraud in the procurement of the written contract.

DECIDED MAY 16, 1919.   REHEARING DENIED JULY 22, 1919.

Complaint; from city court of Dawson—Judge Edwards.   September 7, 1918.

Horsley sued McLeod and Williams for $1,500 as compensation for his services in selling certain land for them.   He alleged that under a written contract made with them on January 15, 1917, he sold for them on September 12, 1917, a certain farm for $17,500. A copy of this contract was attached to the petition, and was as follows: "Dawson, Ga., 1/15, 1917.   For and in consideration of the sum of $1.00, the receipt of which is hereby acknowledged, I hereby give J. A. Horsley power of attorney and authority to sell for me the following property: one farm [described] at $16,000.00 net to us, to be paid on the following terms:   Easy.   I agree to pay him all over the gross amount.   And I further agree not to cancel this contract before October 1st, 1917, unless I pay him the full amount of his commission, same as sale was made." (Signed by the defendants.)   The defendants filed a plea in which they alleged that the contract sued on was obtained by fraud; that by oral contract they

1

placed the land with the plaintiff for sale, and that under the oral contract he was not to receive more than 5 per cent. as commission; that, acting under the oral contract, he made repeated efforts to sell the land; that subsequently he requested them to sign the written contract in question in order that he might make a good showing to a certain association of real-estate agents, and said that he wanted it only for that purpose and did not want it for the purpose of binding them, that they would not pass the dollar recited as consideration, and it was not to be binding; that relying on these representations they signed the contract, and would not otherwise have done so; that the representations were simply a device and trick of the plaintiff, and were false and fraudulent. They alleged that the sale was not made under the written contract attached to the petition, but was made under an oral contract-made in the fall of 1912; and that under the contract they were due the plaintiff only $875 as commission for the sale. The plaintiff demurred to the allegations as to fraud and as to a parol contract. The demurrer to the plea was overruled except as to the allegation of fraud. The trial of the case resulted in a verdict for the defendants. The plaintiff excepted to the judgment on the demurrer and to the overruling of his motion for a new trial.

*R. R. Marlin, Yeomans & Wilkinson,* for plaintiff. *R. R. Jones,* for defendant.

BLOODWORTH, J. Plaintiff, a real-estate dealer, sued the defendants, landowners, on a plain and unambiguous written contract for commissions for selling a tract of land. Defendants admitted signing the contract, but pleaded that it was procured by fraud, and the sale made by the plaintiff, not under the written contract, but under a previous verbal one. A demurrer to the plea was filed, and the following order passed: "It is ordered and adjudged that said demurrer be and the same is sustained in so far as the allegations as to fraud in obtaining the contract sued upon, the same being held insufficient, but as to the allegations touching another or a verbal contract, the same is allowed." In *Ware* v. *Ware & Harper,* 20 *Ga. App.* 202 (92 S. E. 961), the court said: "The defendant admitted the execution of the contract which is the basis of this suit, and filed a plea of fraud in its procurement. The defendant could read and write, and there was no trick, artifice, or fraud practiced upon him which prevented him from reading the contract. The re-

lation between the parties was that of landowner and real-estate agent employed for the purpose of negotiating a sale of the land. In respect to the services to be rendered by the real-estate agent, a relation of confidence existed between the owner and the agent. In respect to the compensation to be paid to the agent by the owner, the parties dealt at arm's length. There is nothing in the evidence to take this case out of the general rule that parol evidence will not be received to add to, vary, or dispute the plain and unambiguous terms of a written contract." Under this ruling the court erred in not striking the entire plea. This error rendered the further proceedings nugatory. See *Sloan* v. *Farmers Bank,* 20 *Ga. App.* 123, 125, 126, 127 (92 S. E. 893), and cases cited.

*Judgment reversed. Broyles, P. J., and Stephens, J., concur.*