14641. NEW YORK LIFE INSURANCE Co. *v.* WRIGHT, insurance commissioner.

STEPHENS, J. 1. All "premiums" and "gross receipts" of insurance companies doing business in this State, which are subject to taxation under the general tax act of 1918 (Ga. L. 1918, p. 43, § 6, on p. 73), as amended by the act of 1919 (Ga. L. 1919, p. 45, § 2, on p. 54), include, as applied to life-insurance companies, the actual maximum table rate of premium which the policyholder is, under his contract of insurance, required to pay to the insurance company, and which obligation is discharged by the policyholder either by a payment in full to the company or by a partial payment thereon, supplemented by a credit made thereon by the company of any so-called "dividend" which has accrued to the policyholder, although such "dividend" may be an amount which had been collected from the policyholder as part payment of a former premium on the policy, but which was in fact a surplus collected over an amount which had been afterwards ascertained

as being a sufficient premium for carrying the policy for the period for which such payment had been made, and which was money belonging to the policyholder and returnable to him.

2. The word "premiums," as used in the act, is to be given the construction placed upon it by ordinary usage and in accordance with its apparent meaning when used in insurance policies, and which is placed upon it by agents of insurance companies in dealing with the public, which includes the maximum table rate premium stipulated in the policy, the payment of which the company can exact as a condition precedent to keeping the policy in life, and which in fact it does exact when the insured's obligation to pay it is discharged by the company crediting the payment with the so-called "dividend." This construction of the word is demanded by the language of the act, which taxes "all premiums in money or otherwise received" by insurance companies.

3. "Gross receipts," as used in the act, include the actual cash collected by the company on obligations from its policyholders, together with money in the hands of the company due the policyholders which is credited by the company upon the indebtedness. It cannot be assumed that the legislature, in using the words "gross receipts," intended to distinguish between money actually received by the insurance company from its policyholders and "dividends" or other funds in the hands of the insurance company due the policyholder and which the insurance company retained and applied upon an indebtedness due it from its policyholders. Besides, the expression is used in apposition to "all premiums in money or otherwise received," and must therefore necessarily be construed as having the same meaning as the latter.

4. A tax paid by a life-insurance company to the comptroller-general of the State of Georgia upon such an excess amount collected from its policyholders in the State of Georgia was legally due the State, and the petition in a suit by the life-insurance company against the comptroller-general, seeking to recover an amount so paid to the comptroller-general, was properly dismissed on demurrer.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 29, 1924.

Complaint; from Fulton superior court—Judge Bell. April 18, 1923.

Application for certiorari was denied by the Supreme Court.

*Bryan & Middlebrooks,* for plaintiff.

*George M. Napier, attorney-general, Seward M. Smith, assistant attorney-general,* for defendant.