25596. ALLISON *v.* UNITED SMALL-LOAN
CORPORATION.

DECIDED SEPTEMBER 28, 1936. REHEARING DENIED DECEMBER 10, 1936.

*J. Herbert Johnson, Clarence H. Calhoun,* for plaintiff in error. *Robert T. Efurd, Mose S. Hayes,* contra.

SUTTON, J.   This was a suit on a note for the principal sum of $70, given to secure a loan made by the Finance Acceptance Company to Allison, under the provisions of the act of the General Assembly of August 17, 1920, known as the "small-loan law." Acts 1920 p. 215; Code, § 25-301 to § 25-319, inc.   The suit was brought by the United Small-Loan Corporation as transferee of the Finance Acceptance Corporation.   There was a directed verdict in favor of the plaintiff.   The trial judge overruled a motion for new trial, and the defendant appealed to the appellate division of the municipal court of Atlanta.   He assigned error on the direction of the verdict, and on the overruling of his motion for new trial.   On February 11, 1936, the appellate division overruled the appeal.   In his bill of exceptions the defendant assigns error (1) on the action of the trial judge in overruling his motion to dismiss the suit because the note sued on, contrary to the provisions of the "small-loan law," did not state the actual amount of the loan, and was void, which motion was made on the trial of the case on December 2, 1935; (2) on the direction of the verdict in favor of the plaintiff for the amount of the note with $54.46 interest, (3) on the order overruling his oral motion for new trial, and (4) on the judgment of the appellate division.   The defendant in error moves to dismiss the writ of error, because the assignments of error therein are not subject to be reviewed by this court.

In all cases in the municipal court of Atlanta, where the amount involved is less than $300, the party against whom a judgment is rendered may make an oral motion for new trial, and to the judgment overruling the motion he may appeal to the appellate division of that court, assigning error on the order overruling his motion, and setting out the grounds thereof; and where the appellate division overrules his appeal, this judgment is subject to be reviewed by bill of exceptions to this court.   Acts 1933, p. 292.   The fact that the plaintiff in error in his bill of exceptions has also assigned error on the order overruling his motion to dismiss the suit, on the direction of the verdict, and on the order denying his motion for new trial, will not render the writ of error

subject to be dismissed, where he also properly assigns error on the judgment of the appellate division overruling his appeal from the judgment denying him a new trial; but this court will disregard such other assignments of error as surplusage. Nothing to the contrary was ruled in *Gavant* v. *Berger*, 182 *Ga.* 277 (185 S. E. 506). In that case the Supreme Court was not dealing with a case like this one. The motion to dismiss is denied.

█ Where a note is executed by a borrower in favor of a lender, who is a qualified licensee under the "small-loan law," by which the former agrees to pay to the latter $70, payable $5 on the first of each month thereafter until the full amount of the note is paid, and where on the same day, and to secure the payment of the note, and as a part of the same transaction, the borrower executes a bill of sale by which he conveys to the lender certain shares of stock owned by him in the lender company as collateral for the loan, which bill of sale specifically acknowledges that a loan of $70 is that day made by the lender to the borrower, the note is not void and unenforceable because the "actual amount of the loan" is not specifically stated therein. Code, §§ 25-301, 25-315; *Cocke* v. *Bank of Dawson*, 180 *Ga.* 714 (180 S. E. 711) ; *Wardlaw* v. *Woodruff*, 175 *Ga.* 515 (12) (165 S. E. 557). Such a note is not void under the Code, § 25-315, because, on the back of certain stock conveyed by the borrower to the lender as collateral security for the loan, there is a blank assignment and power of attorney signed by the borrower. The provision of the Code section that a licensee under the "small-loan law" shall not take "any instrument in which blanks are left to be filled after execution" has reference to a note or other instrument evidencing the loan, and not to a blank assignment of shares of stock and power of attorney given the assignee of certain stock as collateral for the loan.

█ The verdict and judgment for the amount of the note with interest, in favor of the plaintiff, was not contrary to law and evidence because the lender, at the time of making the loan and executing the note and bill of sale, stated to the borrower that if the first installment of the loan was not paid by the borrower the lender would sell certain shares of stock in the lender company, conveyed by the borrower as collateral, and satisfy the indebtedness represented by the note, such stock, at the time of the default by the borrower in the payment of the first installment, being

worth more than enough to satisfy the loan; any parol statements and agreements made before or simultaneously with the execution of the note and bill of sale, which were inconsistent with the provisions thereof, being merged into said writing. See *Indiana Truck Cor.* v. *Glock,* 46 *Ga. App.* 519 (168 S. E. 124).

■ It follows that the court did not err in overruling the motion to dismiss the suit, and that the verdict in favor of the plaintiff was demanded. The appellate division of the trial court did not err in overruling the defendant's appeal.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*