### 32504.   MUTUAL LIFE INSURANCE CO. OF NEW YORK *v.* DAVIS.

Decided May 25, 1949.

338

*Louis W. Dawson, Bouhan, Lawrence & Williams,* for plaintiff in error.

*Anderson, Connerat, Dunn & Hunter,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ As pointed out in the very comprehensive memorandum opinion of the trial court, as well as in the briefs of counsel for both parties, this case turns as to count one on the question of whether or not World War II was over, within the meaning of the military and naval service exception to the double-indemnity provision of the policy, set forth in part in the foregoing statement of facts, on August 19, 1945, the date of death of the insured. Also counsel for both sides have correctly taken the position that this is a matter of which the courts will take judicial cognizance. See 20 Am. Jur., Evidence, 83, § 62; *Kline Car Corp.* v. *Watkins*

*Motor Co.*, 26 *Ga. App.* 338 (supra); *Williams* v. *State*, 67 *Ga.* 260.

The allegations of the petition which negative facts, the truth of which it is the duty of the court to take judicial cognizance, must be disregarded. See *Southern Ry. Co.* v. *Covenia*, 100 *Ga.* 46 (29 S. E. 219, 40 L. R. A. 253, 62 Am. St. R. 312). In determining therefore whether or not World War II had ended on August 19, 1945, within the meaning of the clause of the insurance policies constituting the subject-matter of this litigation, this court must look to the historical facts as well as to the allegations contained in the petition. Also, in determining this question, the construction of the insurance clause under consideration is most material. An insurance policy is simply a contract, the provisions of which should be construed as any other type of contract. See *Caruso* v. John Hancock Mutual Life Ins. Co., (N. J.) 53 Atl. 2d, 222. The construction of an unambiguous contract is a question of law for the court. See Code, § 20-701. The cardinal rule for construction is to ascertain the intention of the parties. See Code, § 20-702. Therefore, it becomes most material to determine why the double-indemnity provision of the policies, containing the military or naval service exception, was inserted in the policies and what was the intention of the parties with reference to it. Military or naval service in time of war is recognized as a hazardous occupation. This extreme danger exists because in time of war opposing military and naval forces are constantly attacking each other in an all-out effort to accomplish utter destruction. This hazard either does not exist at all or exists to a very limited extent at a time when the shooting war is over and the state of warfare continues to exist only because of the lack of completion of negotiations of the terms of peace. The military or naval service exception clause contained in the policies in the instant case attached on December 7, 1941. As was held in New York Life Ins. Co. v. Bennion, 158 Fed. 2d, 260, "When one sovereign nation attacks another with premeditated and deliberate intent to wage war against it, and that nation resists the attacks with all the force at its command, war in the grim sense of reality exists and courts are not required to wait on formalities before recognition of the fact." As was held in the Bennion case, in construing a clause of an

insurance policy similar to the one here under consideration, it was not necessary to wait for the formal declaration of war in order for the grim reality of war to exist, and thus deny double indemnity.

On the other hand, the Emperor of Japan unconditionally surrendered to the United States and her allies on August 15, 1945. With that the shooting war was over, the hazard against which the military and naval exception clause protecting the defendant ended, and as decidedly as it attached on December 7, 1941, it became detached on August 15, 1945. In *Johnson* v. *Mutual Life Ins. Co., of New York*, 154 *Ga.* 653 (4) (115 S. E. 14), it is held as follows: "Under a policy in which the insurer agrees to pay double indemnity in case of the death of the insured resulting from bodily injury effected solely through external, violent, and accidental means, a provision, 'that this double indemnity shall not be payable in the event of the insured's death as a result of military or naval service in time of war, . . nor if such death be caused directly or indirectly, wholly or partly, by . . war, or any act incident thereto,' will not relieve the insurer from liability, when the death of insured did not result from his service in the military in time of war, or where his death was not caused directly or indirectly, wholly or partly, by war, or by some act incident thereto." See New York Life Ins. Co. *v.* Durham, 166 Fed. 2d, 874; Stinson *v.* N. Y. Life Ins. Co., 167 Fed. 2d, 234.

It is contended by counsel for the defendant that, even should it be held that the war was over within the meaning of the military and naval service exception provision of the double-indemnity clause of the policies, the petition nevertheless shows on its face that the death of the insured was from an act incident to war within the meaning thereof. Since there was no war, on the date of the explosion which caused the death of the insured, for the act to be incident to, this contention is without merit.

The judgment of the trial court overruling all demurrers aimed at count one of the petition is without error.

■ It is contended by counsel for the plaintiff that count two of the petition sets forth a cause of action, because the acceptance of the added sums to the premiums for double indemnity by the defendant with knowledge of the fact that the insured was in the

military service amounted to a waiver of the military and naval service exception provision of the double-indemnity clause, and estopped the defendant from pleading the same. They cite in support of this contention *Harmon* v. *State Mutual Insurance Co.*, 202 *Ga.* 265 (42 S. E. 2d, 761). This case is also cited in the written memorandum opinion of the trial judge together with certain foreign decisions. It is to be observed however that in the *Harmon* case the double-indemnity clause of the policy became inoperative (in the absence of certain waiver) "If the insured entered the military service." In the instant case, the military and naval exception to the double-indemnity clause is somewhat similar to that in *Johnson* v. *Mutual Life Ins. Co.*, supra. Here, as in the *Johnson* case, there are circumstances under which the insured might meet accidental death resulting from bodily injuries in time of war and while he was in the military or naval forces, and at the same time the double-indemnity clause be of force. It being a result clause rather than a status clause, it matters not that he was in the military service in time of war.

Had he met accidental death under such circumstances, but death did not result from said military or naval service in time of war, or from any act incident to war, but resulted in some other way, the double-indemnity clause would apply. Therefore he received beneficial insurance protection for the added premiums in accordance with the policies, and the acceptance thereof by the defendant did not constitute a waiver of the military or naval service exception to the double-indemnity clause. It follows that the defendant is not estopped to plead the exception, and that the judgment of the trial court overruling the demurrers to the second count of the petition is therefore error.

The case is affirmed in part and reversed in part. The trial court is directed to sustain the demurrers to the second count of the petition and dismiss the same.

*Judgment affirmed in part and reversed in part. MacIntyre, P. J., and Gardner, J., concur.*