34081.   LURZ *v.* JOHN J. THOMPSON & COMPANY.

DECIDED JUNE 17, 1952.

*Poole, Pearce & Hall,* for plaintiff in error.

*Richard T. Nesbitt,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Code § 3-108 provides as follows: "As a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, shall be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent." The plaintiff seller and the non-resident purchaser are the prime contracting parties, the defendant being made a party for the purpose of protecting his commission and not because of any obligation or liability on his part. The sole question, therefore, is whether the seller may claim funds paid out by the purchaser and held by the broker as liquidated damages for the breach of the contract without joining the purchaser in such proceeding.

Where a purchaser seeks to recover money advanced by him to a real-estate broker on the absolute condition that it be returned to him if the sale falls through, such purchaser may sue the broker directly without joining the seller. *Kenney* v. *Walden,* 28 *Ga. App.* 810 (1) (113 S. E. 61). But a different

case is presented where the broker holds the funds in trust and agrees to make disposition of them, as between adverse parties, in accordance with certain named contingencies, the occurrence of which might well be a matter of dispute between the parties having an interest in the fund. Where a proceeding presents for adjudication the ownership of described property within the jurisdiction of the court, all parties interested are necessary parties thereto. *Faughnan v. Bashlor*, 163 *Ga.* 525 (1 b) (136 S. E. 545); *Firemen's Ins. Co.* v. *White*, 181 *Ga.* 759 (2) (184 S. E. 316). In Read *v.* Riddle, 48 N. J. L. 359 (7 Atl. 487), it was held that where money was paid to an agent under an agreement with his principal for the sale of real estate, upon the promise of the agent to return it in case it should turn out that the principal had not a good title, and the sale fell through because the principal did not have good title, an action would lie against the real-estate agent by the purchaser depositing the money. In Meecham, Agency (2d ed.), Vol. I, § 1445, the following is stated: "Where an agent, who stands in the situation of a stakeholder, receives money to be paid over upon the happening of a certain contingency or the performance of given conditions, and pays it over before the happening of the contingency or the performance of the conditions, such payment will be no defense to an action by the party ultimately found to be entitled to receive the money."

The petition here fails to allege the happening of the contingency, as it does not allege either that the purchaser made no valid objection to the title or that a marketable title was in fact furnished him, although it appears the property was subsequently sold to another. Nor is it alleged that the broker claims his commission from the earnest money in his possession and has thus himself elected to treat the default as that of the purchaser. Under the allegations of the petition his only interest in the contract at the time it was signed was to protect his right to commissions, and in consequence he was, as to the balance of the earnest money, a mere stakeholder or trustee, impartially holding the money to pay over to the person ultimately entitled thereto. On the issue of whether the seller is entitled to liquidated damages out of this fund the buyer is a necessary party under the terms of this contract, although no ruling is made as

to the effect of a contract showing on its face (as, for example, by naming a date on which the rights of the parties would be resolved) that the party not joined had no further interest therein.

The fund in question being in the hands of the defendant, and so within the jurisdiction of the court, and the plaintiff seeking no personal judgment against the non-resident, but only seeking to exclude him from any claim or interest, actual or contingent, to the balance of the fund, such non-resident may be served under the provisions of Chapter 81-2 of the Code of Georgia, and particularly Code §§ 81-205 (6, 7) and 81-206. See *Blount* v. *Metropolitan Life Ins. Co.*, 190 *Ga.* 301 (9 S. E. 2d, 65); *Forrester* v. *Forrester*, 155 *Ga.* 722 (118 S. E. 373); *Faughnan* v. *Bashlor*, supra.

The court did not err in dismissing the petition for lack of a necessary party.

*Judgment affirmed. Gardner, P. J., and Carlisle, J. concur.*