34285.   PFEFFER *v.* GENERAL CASUALTY COMPANY OF
AMERICA.

DECIDED NOVEMBER 8, 1952.

*Bryan, Carter, Ansley & Smith, L. F. McDonald,* for plaintiff in error.

*Paul Cadenhead, Nall & Sterne,* contra.

SUTTON, C.J.  The plaintiff contends that it was shown by the uncontroverted evidence in this case that McNabb's real-estate broker's license bond was breached by McNabb's failure to advise the plaintiff or her husband of the provisions of the written contract concerning his commissions, by his failure to account for the $500 received from Feiertag as earnest money, and by acting as agent for both the plaintiff and the seller of the Nancy Creek Road property.

The plaintiff admits in her brief that the parol evidence rule was invoked before the trial court by counsel for the defendant. The effect of that rule is that negotiations in parol, occurring prior to or contemporaneously with the execution of a written contract, are considered as merged therein, and evidence as to parol terms which vary or contradict the terms of the written instrument should be excluded.  Code, §§ 20-704 (1), 38-501; *Mooney* v. *Boyd,* 86 *Ga. App.* 369 (71 S. E. 2d, 685); *Neuhoff* v. *Swift & Co.,* 54 *Ga. App.* 651 (2) (188 S. E. 831); *Allison* v. *United Small-Loan Corp.,* 54 *Ga. App.* 820 (3) (189 S. E. 263). This rule is ordinarily applied in a suit on the contract itself, but it also applies here, as the alleged default of McNabb under the bond sued on was in respect to the relation between the parties as fixed and governed by the real-estate sales contract and especially in respect to the broker's right to commissions under the contract of sale.

McNabb's right to broker's commissions depends, in the present case, upon the written contract to which he was a party, as the evidence does not show fraud in its procurement or deception preventing the plaintiff from reading its provisions.  On the contrary, the plaintiff's husband, who was apparently acting for the plaintiff in the transaction, testified that, while he didn't

read every word of the contract, he did read the amounts [for earnest money and the price] and was satisfied as to them.

There was no duty on the part of the broker to point out to the plaintiff the specific provisions of the contract for his commissions. As stated in *Ware* v. *Ware & Harper,* 20 *Ga. App.* 202 (2) (92 S. E. 961): "The defendant could read and write, and there was no trick, artifice, or fraud practiced upon him which prevented him from reading the contract. The relation between the parties was that of landowner and real-estate agent employed for the purpose of negotiating a sale of the land. In respect to the services to be rendered by the real-estate agent, a relation of confidence existed between the owner and the agent. In respect to the compensation to be paid to the agent by the owner, the parties dealt at arm's length." Also see *Horsley* v. *McLeod,* 24 *Ga. App.* 1 (100 S. E. 12), to the same effect.

While it does not appear that McNabb informed the plaintiff that he was retaining the earnest money to be applied upon his commissions, nevertheless, it does appear that the plaintiff knew that McNabb had the money and was retaining it; and, since the $830 due as commissions under the contract selling the Haven Ridge Drive property to Feiertag exceeded the $500 earnest money paid by Feiertag to McNabb, McNabb had a right to apply the earnest money against the amount owed to him for his commissions by the plaintiff. See *Lurz* v. *John J. Thompson & Co.,* 86 *Ga. App.* 295 (71 S. E. 2d, 675). The contract provides that the agent may enforce it to the extent of his commissions due thereunder against any party liable therefor, and so the agent or his surety, being in privity with the agent, may rely upon this provision of the contract in the present suit on the agent's bond.

In respect to the contract between the plaintiff and Feiertag, under which the commissions contended to have been forfeited were due, the evidence does not show that McNabb also represented Feiertag, nor does it appear that the dual agency with respect to the other contract, by which the plaintiff bought the Nancy Creek Road property, was undisclosed. Both contracts provided that "notice of dual agency is hereby given and accepted by all parties." It is only an undisclosed dual agency which results in the forfeiture of an agent's commissions.

The cases cited by the plaintiff do not involve, as does this case, a parol promise that commissions would not be charged for the broker's services; instead they deal with the effect of a breach of an agent's duty in performing his services; i. e., in his failure to disclose the solvency or financial ability of the purchaser (*Reisman* v. *Massey*, 84 *Ga. App.* 796, 67 S. E. 2d, 585; *Williamson, Inman & Co.* v. *Thompson*, 53 *Ga. App.* 821, 187 S. E. 194); in his failure to account for funds received and to discharge the duties of the agency contract (*Allen* v. *Southern Insurance Securities Corp.*, 54 *Ga. App.* 316, 187 S. E. 714); in misrepresenting the amount of an offer made (*Peevy* v. *Wilkes*, 48 *Ga. App.* 114, 172 S. E. 108; *Pollock* v. *Skelton*, 15 *Ga. App.* 1, 82 S. E. 381); and in misrepresenting the value of the property being sold, the buyer's attitude and power to force the principal to make a deed, the agent's right to commissions after being forbidden to sell, and the effect of the contract (*Williams* v. *Moore-Gaunt Co.*, 3 *Ga. App.* 756, 60 S. E. 372). These cases do not require a ruling in the present case different from the one made.

The evidence sustained the finding for the defendant, in that no breach of McNabb's real-estate broker's license bond was shown, and the trial judge did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*