39459. SHERIFF v. MOORE *et al.*

Eberhardt, Judge. 1. "Gross receipts," as used in an insurance policy in providing a method of determining the premium to be paid, is not an ambiguous term. The words mean the whole, entire total receipts, as opposed to "net receipts." Taylor v. Rosenthal, 308 Ky. 4 (213 SW2d 435). And under ordinary basic methods of handling accounts the term must be taken to include the whole total gross receipts without any deductions. Commonwealth v. Koppers Co., 397 Pa. 523 (156 A2d 328); Laclede Gas Co. v. City of St. Louis, 363 Mo. 842 (253 SW2d 832). And see *N. Y. Life Ins. Co. v. Wright,* 31 Ga. App. 713 (122 SE 706).

2. In the absence of ambiguous terms the construction of a contract, including the provisions of an insurance policy, is for the court. *Mutual Life Ins. Co. v. Davis,* 79 Ga. App. 336 (1b, c) (53 SE2d 571).

3. Where a suit was brought against the insured to recover the balance owing on a premium which was to be determined by a percentage of the insured's gross receipts during the policy period and an auditor was appointed to make an examination

of the insured's books and records to determine the amount of his gross receipts who, after such examination, made affidavit as to his findings, and where the insured filed affidavits in which it was admitted that the amount of money he had received in the operation of his business during the period in question was slightly in excess of that which the auditor had found, and where by deposition the insured had admitted his ownership of the business, that the insurance provided by the policy had been procured by him, that claims against him had been referred to the insurance company and handled by it and that he had made payments on the premium in the amount credited thereon by plaintiff (the agent through whom the insurance was procured and written) there was no substantial issue of fact left in the case and the court did not err in granting a summary judgment for the balance of the premium as calculated upon the insured's gross receipts as determined by the auditor. The insured can not complain that this amount was smaller than it would have been if the precentage had been applied to the amount of gross recepits admitted by him to have been received.

*Judgment affirmed. Carlisle, P. J., and Russell, J., concur.*
DECIDED APRIL 10, 1962—REHEARING DENIED APRIL 27, 1962.

*Bagwell & Hames, James A. Bagwell,* for plaintiff in error.
*Woodruff, Latimer, Savell, Lane & Williams, Benj. B. Blackburn, III, James A. Stanfield,* contra.

### ON MOTION FOR REHEARING.

Plaintiff in error (defendant below) urges in his motion for rehearing that since the petition affirmatively alleges that plaintiffs were the *agents* of the Reserve Insurance Company, for whom they issued the policy in question, plaintiffs were not entitled to maintain an action to recover the amount of premium alleged to be due under the policy. It is true that generally an agent can not maintain an action on a contract which he has made on behalf of his principal. *Code* § 4-404. There is, however, an exception to this rule when the agency is coupled with an interest in the agent, such as commissions. *Field v. Price,* 50 Ga. 136, 139 (1); *Code* § 4-404(5). It was alleged in paragraph 3a of plaintiffs' second amendment that "plaintiffs earn a

commission on premiums earned on policies issued by them and the plaintiffs are liable to that company [Reserve Insurance Company] for the premiums on policies issued by them, being charged by that company with the duty of collecting the premiums on policies so issued."

Another contention urged upon the motion for rehearing is that the premium was to be determined from the gross receipts of particular enumerated vehicles described in the policy. In his deposition the defendant admitted that he had requested and obtained from plaintiffs numerous endorsements to cover the vehicles of other people who were hauling for him on a brokerage basis, and then asserted "it would have been cheaper for me had I gone ahead and gotten just a policy on the trucks that I actually owned. . ."

There is no merit in either contention.

*Motion denied.*