## 26826. FOSTER v. FULTON.

414

ARGUED NOVEMBER 9, 1971—DECIDED DECEMBER 1, 1971.

*Edward D. Wheeler,* for appellant.

*McCurdy, Candler & Harris, J. Robin Harris, Dennis J. Mock,* for appellee.

ALMAND, Chief Justice. This appeal is from orders (a) directing a verdict against the appellant in a suit for specific performance of a contract for the sale of real estate, and (b) denying a motion for a new trial.

The complaint of William A. Fulton against William D. Foster, Jr., alleged that on December 2, 1968, defendant executed an option giving plaintiff the right to purchase a described tract of land in DeKalb County for a recited consideration of $500. The purchase price was $37,500, the option to be exercised within 180 days. On May 7, 1969, plaintiff notified the defendant of his election to exercise his option. Defendant took the position that the option was null and void. The plaintiff offered to pay the purchase price. The prayers were that defendant be required to specifically perform the contract.

In his response the defendant admitted that he had taken the position that the option contract was null and void. Among his defenses were (a) that plaintiff had failed to state a claim against the defendant upon which relief could be granted, and (b) that the price of the land as set forth in the purported option was not a full and fair price for said land.

On the trial of the case, the court, on motion of the plaintiff, directed a verdict against the defendant. Thereafter, the court overruled the defendant's motion for a new trial.

■ During the argument of defendant's counsel, on the motion of plaintiff for a directed verdict, that the court would be justified in denying specific performance on the basis of inadequacy of price or "any other fact showing the contract to be unfair, or unjust or against good conscience," the court inquired: "Do we have any evidence of inadequacy of price?" Counsel for the defendant replied: "We have an inference." The court stated: "The court can't travel on inference."

Error is assigned on the statement "The court can't travel on inference." This was a remark made in a colloquy between the court and defendant's counsel and is not a ground for a motion for new trial. *Moore v. McAfee,* 151 Ga. 270 (11) (106 SE 274).

■ It is asserted that the court erred in admitting in evidence over objection that the plaintiff had not complied with the provisions of Georgia law (*Code Ann.* § 84-1403.1 (a)). That provision relates to real estate brokers or salesmen in real estate transactions not covered by the provisions of law licensing real estate brokers and salesmen, and requires them, prior to engaging as such in the sale of real estate, to notify all of the parties that they are real estate brokers and of their entire interest in said transaction.

The plaintiff testified that he first became interested in the subject property when he saw it was for sale. He contacted a Mr. Jessee, an agent of the real estate firm advertising the property for sale. He submitted an offer of $37,000 with a down payment of $500. He further testified that at the time of this transaction he was a licensed real estate salesman, and that he was introduced to the defendant as a real estate broker, but that he was buying the property personally.

George W. Jessee was called as a witness by the defendant and he testified that he was a licensed real estate sales-

man and handled the listing and sale of the subject property as agent for the defendant; that he prepared the option after discussing the offer with the defendant; that he knew at the time that the plaintiff was a real estate broker and he introduced him to the defendant before the signing of the option as a real estate broker.

Even if *Code Ann.* § 84-1403.1 (a) be assumed applicable as to a real estate broker who is buying the subject property, not as a real estate agent, but for his own use, the defendant's agent and other interested parties knew the plaintiff was a real estate salesman and of his interest in buying the property. There was no issue of fact on the validity of the option contract.

■ It is insisted that the court erred in directing a verdict and not granting a new trial on the general grounds. The undisputed evidence in this case is that the defendant granted to the plaintiff an option to buy the subject property; that the consideration for the option was paid to the seller's agent; that when the plaintiff notified defendant of his election to exercise the option by payment of the purchase price, the defendant repudiated the contract. The only evidence as to the value of the property was evidence as to the market value on the day the option was given and that its market value was the amount stated in the option. It thus appears that every essential element necessary to the grant of specific performance has been proven by the plaintiff, and he was entitled to a verdict as a matter of law. *Moore v. Burnett,* 215 Ga. 146 (109 SE2d 605).

The court did not err in directing a verdict and subsequently overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*