## 50135. PENDLEY v. JESSEE et al.

STOLZ, Judge.

This is an action by two of nineteen individuals who jointly owned a certain tract of real estate, in their capacity as brokers of all of the said owners, to recover the stipulated brokerage commission from the defaulting purchaser under a written sale contract for the said realty. The plaintiffs signed the sale contract in three different capacities, i.e., as individual sellers, as attorneys in fact for some of the other individual sellers, and as brokers. The contract provided: "In negotiating this contract, Broker has rendered a valuable service for which reason Broker is made party to enable Broker to enforce his commission rights hereunder against the parties hereto on the following basis: Seller agrees to pay Broker the full commission when the sale is consummated

and in the event the sale is not consummated because of Seller's inability, failure or refusal to perform any of the Seller's covenants herein, then the Seller shall pay the full commission to Broker and Broker, at the option of Purchaser, shall return the earnest money to Purchaser. *Purchaser agrees that if Purchaser fails or refuses to perform any of Purchaser's covenants herein, Purchaser shall forthwith pay Broker the full commission; . . ."* (Emphasis supplied.)

The defendant purchaser answered, defending on the ground, inter alia, that the plaintiffs were not entitled to recover as brokers (agents) since they were also sellers (principals), and counterclaimed for the earnest money, on the ground of failure of consideration.

The defendant appeals from the grant of the plaintiffs' motion for summary judgment, the denial of his motion for summary judgment, and the denial of his motion to dismiss the complaint.

1. The denial of the motion to dismiss the complaint was not error. We have found no reason or authority compelling a holding barring one or more of the individual owners of realty from being employed by the remaining individual co-owners of the realty as brokers for the sale of the realty.

*"Ordinarily,* and in the absence of a statute providing otherwise, a person dealing with his own property would not be deemed to be acting as a real-estate broker or agent, and some licensing statutes, or statutes defining the term 'real-estate broker,' may expressly except owners of the property. A joint adventurer selling property of the venture does so as an owner and not as a broker. *Under some circumstances, however, one dealing with property in which he has an interest may be deemed to be acting as a real-estate broker in the transaction, regardless of the exception of owners of property."* (Emphases supplied.) 12 AmJur2d 784, Brokers, § 14.

Ga. L. 1973, p. 100 (Code Ann. Ch. 84-14, Real Estate Brokers and Salesmen) became effective on July 1, 1973, hence was in effect at the July 30, 1973 execution of the sale contract in question. The definition of "broker" in Code Ann. § 84-1401 (b) (Ga. L. 1973, p. 100; 1974, p. 379) is certainly inclusive of the plaintiffs' activities in

connection with the transaction in question.

Code Ann. § 84-1403 (Ga. L. 1973, pp. 100, 103) provides in part: "Except as otherwise provided in this Chapter, the provisions of this Chapter shall not apply to: (a) any person *except a real estate broker* or salesman licensed under this Chapter who, *as owner,* lessor or prospective purchaser or their regular employees, including resident managers, performs any act with reference to property owned, leased or to be acquired by him where such acts are performed in the regular course of, or as incident to, the management of such property and the investment therein; . . . (g) any person who, *as owner* or through another person engaged by such owner on a full-time basis, buys, sells, leases, manages, auctions or otherwise deals with property owned by such person; (h) any person employed on a full-time basis by the owner of property for the purpose of selling, buying, leasing, managing, auctioning or otherwise dealing with such property." (Emphases supplied.) Since the allegation in the complaint, that the plaintiffs are licensed real estate brokers, is unchallenged, exclusion (a) above does not apply. The phrase "as owner" in exclusions (a) and (g) above, is construed to mean in the capacity as owner. Since the plaintiffs are suing in their capacities as *brokers,* even though they are also incidentally co-owners, these exclusions do not apply. Although the plaintiffs might not be *required* to be licensed real estate brokers under exclusion (h) above, we do not construe this to mean that they, being such licensed brokers, are not entitled to act as brokers for their co-owners and to enforce their contractual right to broker's commissions. Such a result is not warranted by the mere absence in the statute of a specific provision for situations of joint ownership.

Regarding the statement in 12 AmJur2d 784, Brokers, § 14, quoted hereinabove, that "[a] joint adventurer selling property of the venture does so as an owner and not as a broker," this may be generally true in the *absence of a contract to the contrary.* Even if it might be assumed that the sellers were cotenants or tenants in common, moreover, this would not prevent their entering into binding contracts among themselves with regard to the land or services rendered by some tenants for all of

them. See generally 20 AmJur2d 123 and 190, Cotenancy and Joint Ownership, §§ 32 and 90; 11 Encyclopedia of Ga. Law 114, Estates, § 87. Pretermitting that issue for the time being, however, the complaint does not show that the sellers were joint adventurers, hence would not be subject to dismissal even accepting the validity of the above quoted statement about joint adventurers.

"The relation of principal and agent arises whenever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf." Code § 4-101. "Any person who is of sound mind may be appointed an agent. . ." Code § 4-102. "It is true that generally an agent can not maintain an action on a contract which he has made on behalf of his principal. Code § 4-404. There is, however, an exception to this rule when the agency is coupled with an interest in the agent, such as commissions. *Field v. Price,* 50 Ga. 136, 139 (1); Code § 4-405 (5)." *Sheriff v. Moore,* 105 Ga. App. 833, 834 (125 SE2d 729). That an agent is not prohibited from having an interest, is also evident from Code §§ 4-202 and 4-214 (1).

Even if the plaintiffs be considered as having a possible interest adverse to that of their employers, their co-owners, in that the plaintiffs would recover commissions if the purchaser defaulted on the contract, this does not prevent their action for broker's commissions, inasmuch as their interest was fully disclosed to both parties to the contract. " 'Contracts of dual agency are not void per se, but only so when the fact that the agent represented both parties was not known to each.' " *Spratlin, Harrington & Thomas v. Hawn,* 116 Ga. App. 175, 180 (156 SE2d 402) and cits. "It is only an undisclosed dual agency which results in the forfeiture of an agent's commissions." *Pfeffer v. General Cas. Co.,* 87 Ga. App. 173, 176 (73 SE2d 234). See also *Foster v. Fulton,* 228 Ga. 413(2) (185 SE2d 906). The plaintiffs' interest was identical to that of their co-owners to the extent that they also stood to gain a profit from the sale of their interests in the property.

The appellant cites the case of *Langford v. Johnson,* 46 Ga. App. 444 (3) (167 SE 779), which says, "The rule is well settled at law that a person can not sue himself, in

other words, be both plaintiff and defendant in the same action. The rule applies in all cases where the character of the plaintiff and defendant unite in the same person, although such person sues and defends in different capacities. [Cit.]" He argues that, should the co-owners/sellers default, the plaintiffs would be placed in the untenable position of having to sue themselves, as co-owners. In such a situation, however, the plaintiffs could merely sue the other co-owners for their pro rata shares of the commission, hence need not sue themselves. Nor is the holding contrary in *Owsley & Son v. Woolhopter,* 14 Ga. 124 (1), that a party suing by his name followed by "agent," sued in his own right, with the term "agent" being only descriptive of the person. In addition to the plaintiffs' signatures over the word "Broker," the contract here specifically made them parties for the purpose of obtaining their commission.

The plaintiffs, as brokers-agents, having executed with fidelity and skill the business entrusted to them, and their principals not having complained, it is not competent for the other party, with whom they dealt, to do so. *Cameron v. Ward,* 22 Ga. 168 (5). "The plaintiff as a real-estate broker had earned his commission when he negotiated the transaction between these parties which resulted in the making of the binding sales contract between them. Had the trade been consummated, the seller would have been liable to the plaintiff for his commission; but, under the terms of the contract here involved, where the sale was not consummated due to default of the purchaser, as was alleged in the petition, the purchaser was liable to the plaintiff for his commission. The purchaser obligated himself to pay to the plaintiff (agent) his commission, in the event the sale was not consummated due to his default, and the plaintiff's action is based on this provision of the contract. The plaintiff signed the contract with the seller and the purchaser, and is entitled to enforce the provisions of the contract with reference to his commission as a real-estate broker." *Brittain v. Russell,* 78 Ga. App. 719, 722 (52 SE2d 38) and cits. See also Code § 4-213.

2. There was no *genuine* issue of *material* fact as to the nature of the business relationship among the

nineteen sellers. Even though they were loosely referred to as "partners" several times, the showing was that they were tenants in common and that this was known by the defendant. Furthermore, as was held in Division 1 above, this was not material, since there was no reason why the plaintiffs, having complied with their lawful obligations under the contract, were not entitled to the stipulated broker's commission upon the purchaser's default, as provided in the contract.

3. Likewise, there was no genuine issue of material fact as to whether the defendant purchaser unequivocally refused to close the transaction at any time before the complaint was filed. The contract was not subject to the defendant's obtaining a loan. The uncontradicted showing was that the defendant's inability to obtain a loan was the only reason for his failure to close the sale, and that he informed the plaintiffs that he was not going to purchase the property for this reason; that the defendant stopped trying to close prior to the December 1 closing date stipulated in this "time of the essence" contract, declining an offered extension of time; and that the defendant ignored the plaintiffs' demand telegram and failed to attend the closing on December 1. Under the circumstances, there was a default under the contract as of December 1, and any expressions of his intent to close thereafter had no effect on the plaintiffs' right to sue for the commissions.

The defendant proposed purchaser, in answer to a request by the plaintiff brokers to consummate the contract, having announced his refusal to purchase, and it not appearing that the defendant's refusal to perform was because of insufficient tender of the deed or any like reason, a tender was not necessary as a condition precedent to the plaintiffs' action for broker's commissions. The holding in *Branan & Schmitz Realty Co. v. Carter,* 122 Ga. App. 618, 620 (3) (178 SE2d 285), is not applicable in the case sub judice, where the defendant knew that time was of the essence (via the contract) and that the sellers were insisting on the time specified for closing (via the offered and refused extension of time and the demand or request to perform).

None of the judgments appealed from was error.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

SUBMITTED JANUARY 14, 1975 — DECIDED FEBRUARY 12, 1975 — REHEARING DENIED MARCH 4, 1975.

*Edward D. Wheeler,* for appellant.
*Candler, Cox, Andrews & Hansen, Edward Andrews,* for appellees.