A02A0284. INSURANCE AGENCY OF GLYNN COUNTY, INC. v. ATLANTA CASUALTY COMPANY.
(565 SE2d 547)

MIKELL, Judge.

Insurance Agency of Glynn County, Inc. d/b/a Darien Insurance Agency ("Darien") appeals the trial court's order denying its motion for summary judgment and granting Atlanta Casualty Company's ("Atlanta Casualty") motion for summary judgment in this declaratory judgment action. We affirm.

In 1995, Redolfo Villa Chavarria ("Redolfo") utilized Darien to obtain an insurance policy from Atlanta Casualty. The policy covered a 1974 truck that Redolfo's wife, Patricia Ward Chavarria, did not drive. Redolfo therefore executed a "Named Driver Exclusion Agreement" excluding her from coverage under the policy. On August 11, 1997, Chavarria, who was estranged from her husband, went to Darien to obtain coverage for a 1992 Hyundai. At the agency, Chavarria dealt with employee Ruth Dinkins. Dinkins prepared a change endorsement to add the Hyundai to Redolfo's policy with Atlanta Casualty. However, Chavarria was not added as a driver, leaving the "Named Driver Exclusion Agreement" in full force and effect. Chavarria simply signed Redolfo's name to the change endorsement. Dinkins deposed that she was aware that she made a mistake in not listing Chavarria as an "additional operator" on the change endorsement.

On May 1, 1998, Chavarria was involved in a collision while driving the Hyundai. She was sued for damages and demanded that Atlanta Casualty defend her. Atlanta Casualty filed a declaratory judgment action against Chavarria and the plaintiffs in the underlying litigation, asserting that Chavarria was excluded from coverage under Redolfo's policy. Chavarria filed a third-party complaint

against Darien, contending that either through negligence or a mutual mistake, the agency added the Hyundai to Redolfo's policy instead of creating a new policy listing her as the insured. Darien moved for summary judgment, seeking to have the policy reformed to list Chavarria as an insured. Atlanta Casualty filed a cross-motion for summary judgment on the basis of the named driver exclusion. Atlanta Casualty also asserted that Darien, which was not a party to the policy, lacked standing to seek reformation, and that the mistake at issue was a unilateral one on the part of Darien's employee. The trial court granted Atlanta Casualty's motion and denied Darien's motion, ruling, inter alia, that Darien lacked standing to seek reformation. We agree.

1. Whether an insurance agency may seek reformation of an insurance policy is a question of first impression for our appellate courts. Reformation of a contract is an equitable remedy for correcting an instrument to make it express the true intention of the parties, where from some cause, such as fraud, accident, or mistake, it does not express such intention.[1] As a general rule, "Reformation of written instruments may be had by the immediate parties thereto and by those standing in privity with them, such as their successors. However, a person not a party or [a] privy to the transaction in question, even a person with a substantial interest therein, may not maintain the action."[2] In addition, OCGA § 23-2-34 provides that "[e]quity will grant relief as between the original parties or their privies in law, in fact, or in estate. . . ."[3] "Privies" have been defined as "all persons who are represented by the parties and claim under them, all who are in privity with the parties; the term privity denoting mutual or successive relationship to the same rights of property."[4] In accordance with this definition, Darien does not stand in privity with the parties to the insurance policy. As such, it lacks standing to seek equitable reformation.

Darien argues that it has standing to seek reformation pursuant to OCGA § 10-6-82 (5), which states: "[g]enerally, an agent shall have no right of action on contracts made for his principal . . . [except i]n cases of agency coupled with an interest in the agent, known to the party contracting with him." The trial court ruled that for purposes of the transaction at issue, Darien acted as an independent contractor, and not as Atlanta Casualty's agent. Generally, independent insur-

---

[1] *Deck v. Shields*, 195 Ga. 697, 701 (25 SE2d 514) (1943); *Lee v. American Central Ins. Co.*, 241 Ga. App. 650, 652 (4) (530 SE2d 727) (1999); OCGA § 23-2-25.

[2] (Footnotes omitted.) 76 CJS, Reformation of Instruments, § 49 (1994).

[3] See, e.g., *Yeazel v. Burger King Corp.*, 241 Ga. App. 90, 95 (2) (526 SE2d 112) (1999).

[4] (Citations and punctuation omitted.) *Bennett v. Cotton*, 244 Ga. App. 784, 786 (1) (536 SE2d 802) (2000).

ance agents or brokers are considered the agent of the insured, not the insurer, although in many cases, the nature of the relationship between the parties has been deemed a jury question.[5]

In the matter before us, however, it is unnecessary to ascertain the nature of the relationship between Darien and Atlanta Casualty. That is because even if Darien was Atlanta Casualty's agent, the agency would not be entitled to seek reformation of the policy under OCGA § 10-6-82 (5). That Code section has been utilized to give an insurance agent the right to sue the insured to collect unpaid premiums.[6] However, an agent's right to sue for unpaid premiums does not equate with standing to sue for reformation. The latter requires privity of contract, which is absent in this case.

Our ruling is in accord with other jurisdictions that have considered this issue. In *Biondo v. Ridgemont Ins. Agency*,[7] the Michigan Court of Appeals held that an insurance agency that failed to notify the carrier of a change in coverage requested by the insured lacked standing to seek reformation of the insured's theft policy. Similarly, in *Nat. American Ins. Co. &c. v. Continental Western Ins. Co.*,[8] the Nebraska Supreme Court ruled that as a stranger to the contract, one insurer could not seek to reform a second carrier's policy with its insured. That court observed that "the right to reformation belongs solely to the contracting parties, their assignees, or their intended beneficiaries."[9] Darien has not asserted that it has standing to sue as a third-party beneficiary of Redolfo's insurance policy under OCGA § 9-2-20 (b). It follows that Darien's motion for summary judgment was properly denied.

2. Darien has not challenged the validity of the named driver exclusion in Redolfo's policy. Therefore, the grant of summary judgment to Atlanta Casualty on the basis of the exclusion stands affirmed.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MAY 10, 2002 — ▮▮▮▮▮▮▮▮▮▮

*Brennan & Wasden, Wiley A. Wasden III, Elizabeth A. White*, for appellant.

---

[5] *European Bakers v. Holman*, 177 Ga. App. 172, 173-174 (2) (338 SE2d 702) (1985).

[6] *Stevens v. Hunt*, 61 Ga. App. 265, 269 (6 SE2d 591) (1939); see also *Sheriff v. Moore*, 105 Ga. App. 833 (125 SE2d 729) (1962).

[7] 104 Mich. App. 209, 212-213 (304 NW2d 534) (1981).

[8] 243 Neb. 766 (502 NW2d 817) (1993).

[9] Id. at 776.

*Brennan, Harris & Rominger, Richard A. Rominger, Edward R. Stabell III, Kristine B. Shehane*, for appellee.