## DINKLER v. BAER.

1. Where a declaration setting forth all the facts as to the purchase by the defendant from the plaintiff of certain stock, and the pledging thereof as collateral security for the payment of a promissory note given for part of the price, prayed only for a judgment subjecting the stock to the payment of the note, it was not error to allow an amendment praying a general judgment against the defendant both for the amount of the note and for an additional sum which the declaration alleged the defendant had agreed to pay for the stock.

2. The transfer of the stock to the defendant and the issuing of a certificate in her name, together with the fact that she described the stock as her own in a promissory note given for its purchase, and therein pledged it as security for the payment of the note, is sufficient evidence of the delivery of the stock and its acceptance by her, whether she actually received the certificate or not. The stock having been delivered and accepted, the sale was complete and the statute of frauds does not apply.

3. The note given for the purchase of the stock being "for value received," and absolute and unconditional on its face, parol evidence was inadmissible to show that the defendant purchased the stock upon condition that it would thereafter pay a certain dividend, and in the event it failed to pay such dividend the note was not to be paid.

4. The verdict being a necessary consequence of the evidence, there was no error in directing it.          *Judgment affirmed.*

April 17, 1893. Argued at the last term.

Complaint. Before Judge MILLER. Bibb superior court. April term, 1892.

Baer sued Mrs. Dinkler for $1,420 with interest and attorney's fees, alleging: February 19, 1891, she bought from him thirteen shares of stock of the Macon Brewing Company, agreeing to pay him therefor $1,420. He delivered her the stock, which was duly transferred to her upon the books of the company. She made and delivered to him her promissory note for $1,300 due six months after date, copy of which is attached. The note was intended by both to be negotiated at the Exchange Bank, and for that reason was made payable to the bank, but it was petitioner's property and delivered to him as such by her. On failure to negotiate the note at the bank it was therefore indorsed to him by the cashier thereof, as set out on the copy attached. The stock attached hereto as collateral is in his possession, the same being defendant's property subject to his lien thereon; and he prays that the stock may be sold and its proceeds applied to the payment of the note. She promised to pay him $120 cash in addition to the $1,300, which she has failed to do. The note is due, and she has failed and refused to pay it. Attached was a copy of the note signed by Mrs. Dinkler, made payable to the Exchange Bank of Macon or order, and indorsed: " Pay D. J. Baer or order without recourse on me in any event. J. W. Cabaniss, cashier." The note contained a statement, that having deposited with the bank, to secure the prompt payment of the note, thirteen shares of the Macon Brewing Company, the maker constituted the president, vice-president and cashier of said corporation, jointly and severally, her attorney or attorneys to collect, sell or otherwise dispose of the whole or any portion of said collaterals, either publicly or privately and without notice to her, in case of the non-performance of this contract, applying the proceeds to the payment of this note, including interest, and accounting to her for the surplus, if any, etc.; also, that in case of

default the maker agreed to pay ten per cent. attorney's fees and all costs of court that might be incurred in securing the rights of the bank, and collecting any amount or balance which might remain unpaid under this instrument. Plaintiff was allowed to amend his declaration and pray for a general judgment against defendant for $1,420 principal, with interest upon $120 from February 18, 1891, at seven per cent. per annum, and interest upon $1,300 from February 18, 1891, at eight per cent. per annum, and the further sum of $130 as attorneys' fees upon the $1,300, as specified in the note; the stock to be sold as directed by the court, and the proceeds applied to the payment of the principal, interest and attorneys' fees, as specified in the note.

Defendant pleaded, not indebted; the statute of frauds; and that the note was given upon the condition and guaranty that the stock was to pay a ten per cent. dividend in the following July, which it did not do, whereby she was released. The court directed a verdict in favor of Baer for principal, interest and attorneys' fees as prayed for in the amendment, and that the stock be sold and the proceeds applied to the payment of the principal, interest and attorney's fees as specified in the note, and the balance to be paid to defendant. She moved for a new trial, which was denied, and she excepted. The motion contained the following grounds:

1. Error in allowing the amendment, the declaration containing nothing to amend by, and the amendment making a new and distinct cause of action.

2. Error in failing to grant a nonsuit upon defendant's motion, upon the grounds, that the evidence showed the transaction was within the statute of frauds; and that the evidence utterly failed to show that the Exchange Bank, or J. W. Cabaniss, ever turned over to the plaintiff the stock held by him as security. And the verdict is contrary to law and evidence, for the rea-

son that the evidence failed to show that the Exchange Bank or J. W. Cabaniss had ever turned over to the plaintiff the stock to hold as collateral security for the note; the evidence simply disclosing that J. W. Cabaniss indorsed the note over to Baer as cashier, but had not transferred to him the stock as collateral, and the evidence further showing that the defendant never agreed for the plaintiff to hold the stock as collateral. The law required that the stock should have been delivered to defendant before plaintiff was entitled to a general verdict, and said verdict should have provided that the stock should be delivered to defendant.

3. Error in excluding the answer of plaintiff to the following question by defendant's counsel: "On February 19th, just prior to the making of this note, didn't you state to Mrs. Dinkler, if this stock didn't declare a dividend the following July of ten per cent., she need not pay this note and take the stock?" And in excluding the following parts of defendant's testimony: "He [plaintiff] says, 'Take the stock; it will pay a good dividend in July'; and I says, 'Are you sure?' and he says, 'It will pay ten per cent. dividend in July.'" Also: "The stock declined, and of course Mr. Baer was anxious to get the money, and I told him if it didn't pay the dividend it was no trade, because he had guaranteed the stock to me." All of this evidence was admissible to show that Baer had practiced a fraud upon defendant, and that the trade was void upon the ground that it was induced by fraud.

4. Error in directing a verdict, for the reason that, the evidence being conflicting and sworn pleas having been filed, the court invaded the province of the jury in undertaking to direct a verdict, but should have charged the jury the law of the case and left the facts and pleading with the jury.

ROBERT HODGES, for plaintiff in error.

R. W. PATTERSON, contra.