5474.  ATLANTIC COAST LINE RAILROAD COMPANY *v.* SNODGRASS & COMPANY.

1. A defendant's right to recoupment is confined to the contract on which the plaintiff sues, and is a right to have a deduction from the amount of the plaintiff's damages, or, if the damages of the defendant exceed in amount those of the plaintiff, to recover of the plaintiff the amount of the excess, for the reason that the plaintiff has not complied with a cross-obligation or an independent covenant of the same contract.

2. As against a railroad company proceeding by distress warrant to recover rent of land and improvements thereon used for a manufacturing plant, damages can not be recouped on account of refusal of the railroad company to place on a side-track on the rented premises cars requested by the defendants for their use in shipping and receiving goods over the plaintiff's railroad, where no obligation to place cars on the side-track was created by the contract on which the distress warrant was based. If such an obligation existed in the present case, it was not created by private contract, but was a duty which the law imposed on the railroad company as a common carrier, and the remedy for its breach is not recoupment of damages.

DECIDED JUNE 22, 1914.

Distraint; from city court of Thomasville—Judge W. H. Hammond. December 17, 1913.

*J. H. Merrill, Bennet & Branch,* for plaintiff in error.

*Roscoe Luke, Louis L. Moore,* contra.

ROAN, J.  The Atlantic Coast Line Railroad Company sued out a distress warrant against A. T. Snodgrass & Company for $160, as rent, for the year 1910, for a lot of land and certain improvements thereon, occupied by the defendants' manufacturing plant, to which a side-track on the rented premises extended from the main track of the plaintiff's railroad. The defendants admitted the contract of rental as alleged, but by their counter-affidavit attempted to set up by way of recoupment a claim for damages because of an

alleged violation of the contract of rental, on the part of the plaintiff, during the year 1910, the defendants alleging that the railroad company refused their request and..demand to place cars on the said side-track for their use in shipping and receiving goods at their plant over the main line of its road, the company basing its refusal on the ground that the defendants declined to pay $3 demurrage, which the plaintiff claimed and which the defendants denied was due. It was alleged that the defendants were damaged by reason of the closing down of their plant for six days in consequence of not being able to get material by way of this side-track, for the operating of their planing mill. It appeared, from the evidence, that the plaintiff offered to place cars for them on the "dray track" (which was the track used by the public in general), but this offer was refused. There was evidence as to a ruling of the Railroad Commission of Georgia, sustaining the defendants' contention that the demurrage claimed was not due. The rent contract was for the rental, for the year 1910, of the tract of land in the city of Thomasville, "known as the old compress lot, formerly occupied by the Thomasville Cotton Compress Company, containing four acres, more or less, together with the improvements thereon, except the one-story frame building," at "the yearly rental of $160, . . payable on the first day of February in advance." There is no reference in this contract to any obligation on the part of the railroad company to furnish to the defendants cars from its main line to the side-track. The defendants submitted testimony which they contended established their damages to the amount of $240, on account of the failure of the plaintiff for six days to furnish cars on the side-track for their use.

The case was tried before the judge of the city court without a jury, and the court rendered a judgment against the plaintiff for $80, being the difference between $160 rent, claimed by the plaintiff, and $240 damages, claimed by the defendants. The plaintiff excepted, assigning error for the following reasons: 1. Because the judgment is contrary to law. 2. Because the judgment is contrary to the evidence. 3. Because the judgment is illegal, in that under the law the court had no authority to render a judgment in favor of the defendants for an amount in excess of the rent admitted to be due. 4. Because the damages claimed by the defendants against the plaintiff were not the proper subject of a plea

.of recoupment, as growing out of the contract of rental, but were damages claimed for an alleged breach of the plaintiff's duty as a common carrier, and could be set up only by' a plea of set-off, and, therefore, did not constitute a legal defense by counter-affidavit to a distress warrant: 5. Because the evidence of the defendants on their plea of recoupment did not show a breach of contract or of duty on the part of the plaintiff to the defendants, and therefore there was no evidence on which the court could base its judgment.

Recoupment "is confined to the contract on which plaintiff sues." Civil Code, § 4351. It "is a right of the ·defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations or independent covenants· arising under the same contract." Civil Code, § 4350. "If the damages of the defendant shall exceed in amount those of the plaintiff, the defendant shall in such cases recover of the plaintiff the amount of such excess." Civil Code, § 4353; *Weaver* v. *Roberson,* 134 *Ga.* 149 (67 S. E. 662). The contract of rental, on which the distress warrant in this case was based, nowhere obligates the railroad company to place cars, for the use of the defendants, on the side-track leading to the planing mill; and if the defendants suffered damage, as they claimed, by reason of the failure of the plaintiff to furnish cars, the damage did not result from the failure on the part of the plaintiff to comply with its cross-obligations or independent covenants arising under the contract; and therefore such damage, if it existed, did not entitle the defendants to recoupment against the plaintiff's claim for rent. If the railroad company was under any obligation to the defendants relative to the furnishing of cars on the side-track for their use, it was not by virtue of any private contract, but arose under the company's obligations as a common carrier, which are regulated and defined by a rule of the railroad commission of Georgia. Civil Code, § 2664 et seq. The railroad commission, as this record discloses, seems to have decided that the defendants did not owe the demurrage claimed by the plaintiff, and ordered the plaintiff to proceed in the customary transaction of business with the defendants under the same terms and conditions as prevailed prior to the accruing of the demurrage charges in question.

If the conduct of the plaintiff toward the defendants in failing to furnish cars and place them on the side-track near the defendants'

plant was arbitrary and unlawful, and amounted to depriving the defendants of some right sanctioned by law, and the defendants, as a result of such tortious conduct, have been damaged, they have their remedy against the plaintiff to recover such damages as may be legally established; but such damages can not be recovered in this case by recoupment, as there is no evidence that any of the terms of the rental contract were violated by the plaintiff.

*Judgment reversed.*