9251.   PLANTERS BANK *v.* BROWN.

JENKINS, J.   To a suit by the Planters Bank, of Yatesville, Georgia, against J. C. Brown, upon an unconditional promise in writing to pay, the defendant pleaded failure of consideration and fraud in the procurement of the note, alleging: (1) that the note was given for the purchase of certain shares of stock in the plaintiff bank, which stock is entirely worthless, and that he was induced to sign the subscription note (of which the note sued on is a renewal) by the promise and agreement, then made by the agent of the promoter of the proposed corporation, that the defendant would not in fact have to pay any cash, as provided by the terms of the note, but that the promoter would himself pay into the corporation for the defendant the amount called for by the instrument, and that the dividends and profits accruing from the business would within a stated period pay off and discharge the obligation created by the written promise sued on; (2) that at the time he made his subscription and signed the note, it was represented to him by the said agent of the promoter of the proposed corporation that a named

individual, in whose business integrity and ability the defendant reposed confidence, was a bona fide subscriber to the stock of the corporation, and that by virtue of this representation he was induced to subscribe to the stock and sign his note therefor, whereas in fact the alleged subscription was not bona fide; that the individual thus named as a subscriber neither paid nor was to pay anything under his subscription, but that it was made and accepted only for the fraudulent purpose of inducing others to subscribe. At the trial, the court, over objection, allowed the defendant to testify in support of these allegations as to the promise and statements made to him to induce him to sign the note. The jury found for the defendant, and the case came to this court on exceptions to the overruling of a motion for a new trial, in which error was assigned on the admission of this testimony. *Held:*

1. The general rule which ordinarily permits the consideration of a written contract to be inquired into where the controversy is between the original parties does not authorize the promisor to alter or deny the terms of the obligation, and thereby convert an unconditional promise into one which is dependent upon the happening of contingencies. *Dinkler* v. *Baer*, 92 *Ga.* 432 (3) (17 S. E. 953); *Byrd* v. *Marietta Fertilizer Co.*, 127 *Ga.* 30 (56 S. E. 86); *Rheney* v. *Anderson*, 22 *Ga. App.* 417 (96 S. E. 217).

2. The mere fact that the evidence shows that the individual who was named to the defendant as a subscriber may at the time of his subscription have entered into a contract with the promoter of the enterprise that the latter should take over the subscription, at that subscriber's option, within a period of twelve months, is not sufficient to vitiate the defendant's obligation, under his plea of fraud.

> *Judgment reversed. Wade, C. J., and Luke, J., concur.*
> DECIDED JULY 11, 1918.

Complaint; from city court of Columbus—Judge Tigner. September 26, 1917.

*J. R. Davis,* for plaintiff.   *J. F. Hatchett,* for defendant.