10026.  BALD MOUNTAIN PORTLAND CEMENT CO. *v.* McGUIRK.

LUKE, J. 1. Where a promissory note recited that its consideration was "fifty shares of the capital stock of the Bald Mountain Portland Cement Company," it was reversible error, on the trial of a suit upon the note, for the court, over timely objection, to permit the defendant to prove by her witness Lester that "she (the defendant) asked me the question, if those subscriptions, if this money, had to be raised before they could build the plant, and I told her that Mr. Bass and this board of directors said they were going to order the machinery and finance the proposition, and then these subscriptions would come in to take care of those obligations;" and it was also error to permit the defendant, over timely objection, to testify: "Mr. William F. Lester came to me about taking stock in this Bald Mountain Portland Cement Company; he explained it all very fully to me, he talked a great deal about it, why he wanted me to take stock, I felt very anxious because they had promised to build the plant in twelve months." This testimony, referring to representations made before the purchase of the stock and not integrated in the contract of indebtedness, varied and added to the terms of the note. See *Dinkler* v. *Baer*, 92 *Ga.* 432 (17

S. . 953); *C., R. & C. Ry. Co.* v. *Warthen,* 98 *Ga.* 599 (25 S. E. 988); *Smith* v. *Southern Building & Loan Co.,* 111 *Ga.* 811 (35 S. E. 707).

2. There is no error of law other than that dealt with above. For the reason herein set out, the court erred in overruling the motion for a new trial.

*Judgment reversed. Wade, C. J., and Jenkins, J., concur.*

DECIDED APRIL 19, 1919.

Complaint; from Fulton superior court—Judge Ellis. July 1, 1918.

*Joseph P. Jones, Walter McElreath,* for plaintiff in error.
*Charles J. Lester,* contra.