### 10081. SIKES *v.* PAYTON.

LUKE, J. 1. Where the actual consideration of an unconditional promise to pay is not integrated in the instrument, its only recital as to consideration being the general phrase "for value received," the general rule, that the real consideration is ordinarily a proper subject-matter of inquiry where the controversy is between the original parties, does not authorize the promisor, unless fraud, accident, or mistake exist, to plead that his unconditional obligation to pay was conditional upon the happening of contingencies; and such a plea, being fatally defective, was properly stricken on motion. *Hirsch* v. *Oliver,* 91 *Ga.* 554, 560 (18 S. E. 354) ; *Dinkler* v. *Baer,* 92 *Ga.* 432 (3) (17 S. E. 953) ; *Byrd*

46

v. *Marietta Fertilizer Co.,* 127 *Ga.* 30 (56 S. E. 86) ; *Pryor* v. *Ludden,* 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267) ; *Daniels* v. *Smith,* 144 *Ga.* 561 (87 S. E. 774) ; *Rheney* v. *Anderson,* 22 *Ga. App.* 417 (96 S. E. 217) ; *Planters Bank* v. *Brown,* 22 *Ga. App.* 495 (96 S. E. 328).

2. The ruling stated in the case of *Gibbs* v. *Fourth National Bank,* 17 *Ga. App.* 388 (87 S. E. 155), is abstractly correct, but is not altogether applicable to the facts there stated; and in so far as that case conflicts with the ruling here made, it is overruled.

*Judgment affirmed. Wade, C. J.; and Jenkins, J., concur.*

DECIDED MAY 13, 1919.

Appeal; from Tift superior court—Judge Eve.    August 8, 1918.

*James H. Price,* for plaintiff in error.

*Fulwood & Hargett,* contra.