34084. MOONEY *v.* BOYD.

DECIDED JULY 1, 1952.

**371**

*Dunaway, Howard & Embry, Joseph W. Parris,* for plaintiff in error.

*Grant, Wiggins, Grizzard & Smith,* contra.

TOWNSEND, J. (After stating the foregoing facts.) 1. Code § 38-501 provides as follows: "Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written intrument." The contract here, which is absolute and complete upon its face, provides in unambiguous terms that the plaintiff is liable to the defendant for his broker's commission, to be taken out of the earnest money paid over to him, unless the seller fails to furnish good title to the premises. It is not alleged that the seller (that is, the lessor) defaulted in any way, but on the contrary it is alleged that the plaintiff was unable to go through with the contract because, having failed to sell another house, she did not have the money to put into the venture. The plaintiff then alleges, however, that the contract, although absolute on its face with the exception above noted, was not intended by the parties to be an absolute obligation on her part, but was, by a parol agreement, conditioned upon her selling her house and thus having the funds to invest in the hotel lease. She thus seeks to have an absolute obligation, imposed upon her under the contract, altered by parol to a conditional obligation directly contradicting the provisions of the contract itself. In *Planters' Bank v. Brown,* 22 *Ga. App.* 495 (1) (96 S. E. 328), it is held as follows: "The general rule which ordinarily permits the consideration of a written contract

to be inquired into where the controversy is between the original parties does not authorize the promissor to alter or deny the terms of the obligation, and thereby convert an unconditional promise into one which is dependent upon the happening of contingencies. *Dinkler* v. *Baer*, 92 *Ga.* 432 (3) (17 S. E. 953); *Byrd* v. *Marietta Fertilizer Co.*, 127 *Ga.* 30 (56 S. E. 86); *Rheney* v. *Anderson*, 22 *Ga. App.* 417 (96 S. E. 217)." As stated in *Floyd* v. *Taylor Cotton Co.*, 26 *Ga. App.* 96 (1) (105 S. E. 646): "A contract in writing cannot be changed into a conditional obligation by parol, in the absence of fraud, accident or mistake. See *Haley* v. *Evans*, 60 *Ga.* 157 (2)." And in *Johnson* v. *Cobb*, 100 *Ga.* 139 (1) (28 S. E. 72): "A demurrer to the plea of a defendant in an action on a promissory note, which plea sets up a parol contract made before the execution of the note, by the terms of which the note was not to be paid in a certain event, was properly sustained." See also *Dixon & Co.* v. *Bank of Quitman*, 23 *Ga. App.* 279 (2) (98 S. E. 112).

The contention of the plaintiff is that the contract of lease set up in the petition never came into existence because it depended upon a condition precedent, i.e., that she first sell her house, which condition failed, and that she is entitled to show these facts by parol evidence, citing *Equitable Mfg. Co.* v. *Hill-Atkinson Co.*, 17 *Ga. App.* 494 (3) (87 S. E. 715), *Heitmann* v. *Commercial Bank*, 6 *Ga. App.* 584 (65 S. E. 590), and *Hartman Stock Farm* v. *Henley*, 8 *Ga. App.* 255 (68 S. E. 957). In those and similar cases it was held that parol evidence is admissible to show that the contract was never fully executed or delivered or was not intended to become a completed contract until certain prerequisites had been complied with. In the first of these cases, examination of the original record reveals that the seller undertook in the sale contract to repurchase the property if it could not be sold at a profit; the purchaser stated he would sign the contract provided the seller put up a bond to fulfill his obligations in this regard, and it was then agreed that the seller should make the bond and recite this fact in the contract, upon his doing which it would become effective. The seller, having to fulfill his obligation in this regard, was held not entitled to recover on the contract. In the other cases above cited, the defendant signed the note on an understanding that

the instrument would not be deemed executed until other signatures in addition to his own were obtained thereon. These cases deal with agreements that the delivery or operation of the instrument would become effective upon the performance of some act by the opposite party which would complete the execution of the instrument. We are cited to no case where the promissor, having made an unconditional promise in writing, may avoid the instrument and the legal effect of the promissor's acts thereunder (such as, in this case, the payment of earnest money) by the contention that the promise was intended to be conditioned upon some further act on the part of the promissor which he did not or could not accomplish. This is especially true where the contract recites that no promise or representation not included therein shall be binding on any party thereto.

The trial court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*