45435. BRANAN & SCHMITZ REALTY COMPANY v. CARTER.

ARGUED JULY 6, 1970—DECIDED OCTOBER 13, 1970.

*Hansell, Post, Brandon & Dorsey, Jefferson D. Kirby, III,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Charles E. Walker,* for appellee.

QUILLIAN, Judge. ■ The plaintiff contends that he was entitled to the recovery of the earnest money because the contract in question was a nullity. He argues that it was so vague and indefinite as to be unenforceable under the decisions of *Hicks v. Stucki,* 109 Ga. App. 723 (137 SE2d 399) and *Collins v. Wright,* 119 Ga. App. 4 (165 SE2d 878). See also *Moore v. Farmers Mut. Ins. Assn.,* 107 Ga. 199 (33 SE 65), and *Morgan v. Hemphill,* 214 Ga. 555 (105 SE2d 580).

We have carefully examined the contract in this case and find in all respects that it meets the requirements set forth in *Branan & Schmitz Realty, Inc. v. Ballard,* 117 Ga. App. 758 (162 SE2d 16), (the author of this opinion dissenting.) See also *Summerlin v. Beacon Investment Co.,* 120 Ga. App. 296 (170 SE2d 307). Under this authority, the contract was not unenforceable as a matter of law.

■ During the trial of the case the plaintiff sought to introduce evidence that the contract under which he was obligated to purchase certain described property was contingent upon his selling the home which he owned at that time. The contract contained no reference to any such contingency and expressly provided: "This contract constitutes the sole and entire agreement between the parties hereto and no modification of this contract shall be binding unless attached hereto and signed by all parties to this agreement." The evidence as to this parol agreement between the parties was admitted into the evidence over the defendant's objection.

In *Mooney v. Boyd,* 86 Ga. App. 369 (71 SE2d 685), the identical question here raised was before the court on a general demurrer to a petition. The petition in that case alleged that the parties orally agreed that the sale was contingent on the purchaser being able to sell certain described real estate. The contract there contained an "all agreements" provision and in no way contained any

stipulation with regard to the purchaser selling the other property. The court speaking through Judge Townsend considered all the ramifications of the parol evidence rule and found that the plain terms of a written contract could not be altered by an alleged parol agreement. The court recognized the rule that the failure of a condition precedent may be shown by parol but found it inapplicable to a case of this type.

The case of *Farrell v. Bean,* 26 Ga. App. 462 (106 SE 315) (one dissent) is not here controlling since the contract there was not to be delivered until the parol contingency was complied with.

We therefore follow the rule in *Mooney v. Boyd,* 86 Ga. App. 369, supra, and find that the trial court erred in admitting parol evidence which sought to vary the plain and unambiguous language of the written contract.

■ The defendant contends that the trial judge erred in overruling its motion for directed verdict made at the close of the plaintiff's evidence and renewed at the close of all the evidence. The trial judge properly denied the defendant's motion for directed verdict because the defendant failed to establish as a matter of law that the plaintiff unequivocally refused to comply with the terms of the contract. It is true that no tender or offer to consummate the transaction is necessary where the party to whom the tender is made states that such would be refused if made. *G. V. Corp. v. Bob Todd Realty Co.,* 102 Ga. App. 190, 192 (115 SE2d 611). The defendant in this case introduced evidence that the plaintiff stated that he would not close the transaction within the 30 days required under the contract. However, the plaintiff introduced evidence which tended to show that he did not unalterably refuse to consummate the contract but instead stated "it doesn't appear we are going to sell our house and close this out within 30 days." From this and other testimony, there is evidence tending to show that at no time did the defendant or the seller insist on closing, and at no time did the plaintiff refuse to close within the 30-day period. This left an issue of fact for resolution by the jury.

■ The remaining enumerations of error, being unlikely to recur upon a new trial, are not here considered.

*Judgment reversed. Bell, C. J., and Whitman, J., concur.*