## 48477. FOX v. SOUTHERN GLASSINE COMPANY.

BELL, Chief Judge. This case was tried by the court on stipulated facts. The issue is the construction of a portion of a collective bargaining labor contract. The plaintiff was an employee of the defendant who, during his employment, was a member of a union that had a labor agreement with defendant which provided in part: "The company will pay the difference between benefits received under State compensation and sick and accident benefits allowed in a group insurance plan." The group insurance plan provided for a $60 per week benefit, "but not for more than 26 weeks during one period of disability." Plaintiff was awarded and drew workmen's compensation of $50 per week beginning September 20, 1969, and ending on October 7, 1972. He was also paid $60 per week under the group insurance plan "for 26 weeks ending March 31, 1970." Defendant refused to pay the $10 per week differential from the date of the termination of payment on the group plan and the termination of plaintiff's workmen's compensation award, a period of 130 weeks. This refusal forms the issue. Judgment was entered for defendant. The lower court construed the contract as requiring the defendant to pay the appellant, during any one period of disability, $60 per week for not more than 26 weeks, which amount would be reduced by benefits of $50 per week received by the plaintiff under workmen's compensation. Accordingly, the court found that the plaintiff was paid all sums due under the contract and was not entitled to recover any further amount. *Held:*

The effect of the lower court's judgment was to impose a 26 week time limitation on the contract provision. Where a contract is unambiguous it must be construed to mean what it says. *Cherokee Credit Life Ins. Co. v. Baker,* 119 Ga. App. 579 (168 SE2d 171). Neither by implication or otherwise does the contract provision provide that the increased payment over and above the workmen's compensation was to be restricted to the 26 week time limitation provided by the group insurance plan. The operative words in this clause are "pay the difference" which succinctly evidences a clear intention by the parties that in the event the workmen's compensation benefit was less than the amount payable under the group insurance plan the defendant would pay the difference so as to insure that the employee would receive $60 per week for as long as he was entitled to workmen's

compensation. The courts cannot rewrite the contract. It was error to grant judgment for defendant.

*Judgment reversed. Deen and Quillian, JJ., concur.*

SUBMITTED SEPTEMBER 10, 1973 — DECIDED OCTOBER 29, 1973.

*Jay M. Sawilowsky,* for appellant.

*Fulcher, Hagler, Harper & Reed, William C. Reed,* for appellee.