## 55856. H. R. KAMINSKY & SONS, INC. v. SMITHWICK CONSTRUCTION COMPANY, INC.

BANKE, Judge.

This is an appeal from a summary judgment in favor of the defendant-appellee in a breach of contract action brought by the plaintiff-appellant.

The appellee contracted to build a garment manufacturing plant for the appellant and to install therein a fire sprinkler system. The appellant occupied the building on June 5, 1974, and made final payment to the appellee for its work on June 14, 1974. Several months later, the appellant notified the appellee for the first time that it had certain objections to the sprinkler system. On June 25, 1975, more than a year after it assumed occupancy of the building, the appellant made these objections known in writing for the first time.

The appellant does not claim that the sprinkler system was defective but claims that it did not meet the contract specifications and that, as a result, its insurance carrier would not approve the system. Specifically, the appellant contends that the system would not generate a sufficient flow of water without an exterior tank or pressure system.

The contract contained the following provision: "Contractor's 'Acknowledgment of Completion and Acceptance' certificate covering the project or any specified portion thereof shall be executed by Owner and delivered to Contractor prior to any use of or occupancy by Owner. In the event a portion or all of the project is used or occupied by Owner without providing such certificate, then such use or occupancy shall be conclusive proof of acceptance thereof by Owner." *Held:*

"Where a contract is unambiguous it must be construed to mean what it says. [Cit.]" *Fox v. Southern Glassine Co.,* 130 Ga. App. 124 (202 SE2d 563) (1973). See Code § 20-701. Under the express terms of the contract, the use and occupancy of the building by the appellant without objection amounted to conclusive proof of acceptance of the work as being in accordance with the contract specifications.

*Judgment affirmed. Deen, P. J., and Smith, J.,*

*concur.*

Argued May 2, 1978 — Decided September 11, 1978.

*Mills & Chasteen, Ben B. Mills, Jr.,* for appellant.
*Divine, Wilkin, Deriso & Raulerson, R. Kelly Raulerson,* for appellee.