## 56129. AUERBACH v. FIRST NATIONAL BANK OF ATLANTA.

SHULMAN, Judge.

Appellant Auerbach, an apartment developer, executed two unconditional promissory notes in favor of appellee First National Bank for the purpose of financing the construction of an apartment project. When appellant

did not pay the amount allegedly due under the notes, appellee brought suit. This appeal follows an order granting the bank's motion for summary judgment.

1. In his answer, appellant admitted executing the notes and further admitted that the notes were due and not paid upon demand. This established a prima facie case for recovery on the notes, and it was incumbent upon the plaintiff to raise a defense to the action. *Adcock v. First Nat. Bank,* 144 Ga. App. 394 (241 SE2d 289).

A. By way of defense, appellant asserted that the notes sued on are renewal notes. It was argued that the original notes were executed on the basis of an "understanding" that the bank would look only to the proceeds arising from the sale of the apartments to satisfy the notes, and, if these proceeds proved insufficient, appellee would forgive the amount due or treat the notes with forbearance. Appellant submits that summary judgment was improperly granted because genuine issues of material fact remain as to the "understanding." We disagree.

The alleged understanding that the payee would look solely to the proceeds from the sale of the apartments for repayment of the debt is antagonistic to and inconsistent with the unconditional promise to pay contained in the notes. *Skeffington v. Rowland,* 52 Ga. App. 619 (184 SE 330); *Cooper v. Mercantile Nat. Bank,* 137 Ga. App. 605 (2) (224 SE2d 442). Accordingly, evidence supporting this defense is inadmissible to vary the terms of the notes and the defense is legally insufficient to avoid liability arising from either the original notes or the renewal notes.

B. Appellant submits that summary judgment was improper because a factual dispute exists as to whether there was a mutual temporary disregard of the contract, so that appellee could not collect the amount due under the renewal note without reasonable notice to appellant of its intention to rely on the exact terms of the agreement. See Code Ann. § 20-116. In support of this claim, appellant cites the averments in his affidavit that when the notes were renewed, bank officials stated that if appellant's larger obligations were satisfied, something could be "worked out" if appellant could not satisfy the renewal notes. These vague statements of appellant's un-

derstanding that the unconditional terms of the note might be modified are not legally sufficient to raise the defense of mutual new agreement. *Vaughn & Co. v. Saul,* 143 Ga. App. 74 (7) (237 SE2d 622). An even more compelling reason to reject this defense, however, is the failure to present this issue in the court below. This theory of defense was not raised by the pleadings, nor was it advanced in opposition to summary judgment. Accordingly, it cannot now be urged as a basis for reversal of the summary judgment upholding appellant's liability on the notes. *Gerald v. Ameron Automotive Center,* 145 Ga. App. 200 (243 SE2d 565).

2. As appellant did not raise a legally sufficient defense to the notes, summary judgment was properly granted.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED JUNE 26, 1978 — DECIDED SEPTEMBER 25, 1978.

*Troutman, Sanders, Lockerman & Ashmore, Richard A. Newton, Patrick K. Wiggins,* for appellant.

*Long, Aldridge, Heiner, Stevens & Sumner, S. Phillip Heiner,* for appellee.