## 57173. GLENN v. MADDUX et al.

WEBB, Presiding Judge.

Glenn entered into a contract to sell appellees five residences on Virginia Avenue in Atlanta for a total purchase price of $80,000. The payment terms included a $10,000 cash down payment, assumption of an existing note and security deed to Atlanta Federal Savings & Loan Association in the amount of $49,000, and a purchase money note and security deed for $21,000. Closing was set but Glenn did not appear and appellees sued for breach of the contract. Glenn admitted executing the contract and that he refused to perform thereunder, but denied liability on the ground that he did not intend to be bound unless or until he was released from liability to Atlanta Federal Savings of the $49,000 existing note on the property. He appeals from the grant of partial summary judgment in appellees' favor on this issue, and we affirm.

1. Appellees established a prima facie case for recovery on the contract and it was incumbent upon Glenn to raise a defense. *Auerbach v. First Nat. Bank* 147 Ga. App. 288 (1) (248 SE2d 551) (1978). Glenn relies upon Code § 20-702, which provides that the cardinal rule of contract construction is to ascertain the intent of the parties, urging that there are thus genuine issues of material fact. However, the statute also expressly declares that "If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction."

We agree with the trial court that the intentions of the parties were clearly set out in the contract as follows: "Purchasers shall assume the obligations of an existing real estate note and Deed to Secure Debt covering the above described property, bearing interest at the rate of 10% per annum and payable to Atlanta Federal Savings and Loan Association in monthly installments of principal and interest in the amount of $537.31 each. . ."

"When a grantee in a sales agreement, as a part of the consideration thereof, assumes and agrees to pay an outstanding indebtedness against the property thus conveyed, evidenced by a note and deed to secure debt, he

takes upon himself the burden of the debt or claim secured by the deed, and, as between himself and his grantor, he becomes the principal and the latter merely a surety for the payment of the debt." *Zellner v. Hall,* 210 Ga. 504 (3) (80 SE2d 787) (1954).

Glenn stated that the contract was not ambiguous to him, that he had been involved in at least 25 real estate transactions in Georgia, of varying degrees of complexity, and in numerous loan assumption agreements. In light of his testimony, it is highly unlikely that Glenn was unaware of the legal nature of a loan assumption. Even so, relief from the contract based upon the theory of his material unilateral mistake in executing it "is not available to him in the absence of fraud or inequitable conduct on the part of [appellees] which is not alleged here, or other special circumstances, which do not appear *(Jackson v. Brown,* 209 Ga. 78 (70 SE2d 756)); and such relief is decisively unavailable to him if the misunderstanding is the result of his own fault or negligence. [Cits.] 'If by negligence one voluntarily remains ignorant of a fact materially affecting his interest and subsequently loses a right or property, he should not expect a court of equity to do that for him which he refused to do for himself.' [Cit.]" *Clement Plumbing &c. Electrical Co. v. Goodwin,* 130 Ga. App. 245, 246 (202 SE2d 684) (1973).

Glenn's argument that his total release from the existing loan was a condition of the contract is likewise spurious, for the contract is silent as to any release and is clear and unambiguous in its terms. As such it must be construed to mean what it says. *H. R. Kaminsky & Sons v. Smithwick Construction Co.,* 147 Ga. App. 147 (248 SE2d 211) (1978).

2. Affidavits filed after the order granting partial summary judgment was entered were properly not considered by the trial court, and issues raised therein will not now be reviewed by this court.

3. Likewise, a motion to set aside "will not be granted where matters upon which it is predicated must be developed by evidence." *Wiley v. Wiley,* 233 Ga. 824, 826 (2) (213 SE2d 682) (1975); *Gough v. Gough,* 238 Ga. 695, 697 (4) (235 SE2d 9) (1977). Glenn's motion to

reconsider and set aside the judgment was used as a means to bring additional affidavits before the court so as to gain a reversal based on "new evidence," and was not proper under Code Ann. § 81A-160 (d).

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED FEBRUARY 5, 1979 — DECIDED FEBRUARY 23, 1979.

*Webb, Young, Daniel & Murphy, David E. Betts,* for appellant.

*Stanley M. Lefco, Kidd, Pickens & Tate, Charles M. Kidd, Kenneth Vanderhoff,* for appellees.