## 56969. PAUL et al. v. JONES et al.

BANKE, Judge.

The appellants contracted with the appellees to construct a road for a real estate development. After the work was completed, the road began to deteriorate; and the appellants sued for damages, alleging both breach of contract and negligence in the performance of the contract.

The case came on for trial; and before completing their evidence, the appellants voluntarily dismissed their complaint without prejudice. They later filed this action, alleging essentially the same claims as contained in the original complaint. The appellees moved for summary judgment relying on, among other things, a transcript of the original trial, which the parties "stipulated" into the record. The trial court granted the motion, apparently on the ground that the appellants had failed to show any damages. This appeal followed. *Held:*

"On motion for summary judgment by a defendant on the ground that plaintiff has no valid claim, the defendant, as the moving party, has the burden of producing evidence, of the necessary certitude, which

negatives the opposing party's (plaintiff's) claim. This is true because the burden to show that there is no genuine issue of material fact rests on the party moving for summary judgment, whether he or his opponent would at trial have the burden of proof on the issue concerned; and rests on him whether he is by it required to show the existence or non-existence of facts." *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551, 552 (181 SE2d 866) (1971), quoting 6 Moore's Federal Practice, § 56.15 [3], p. 56-480.

There is nothing in the record to negative the appellants' claims that the contract was breached and that they suffered damages as a result. However, the appellees contend that as a matter of law the appellants accepted the road as completed and that the principle of caveat emptor now applies to prevent the appellants from recovering. In support of this contention, the appellees cite two cases holding that the seller of an existing new house makes no implied warranty that the house is free from defects of which he has no actual knowledge. See *Walton v. Petty,* 107 Ga. App. 753 (131 SE2d 655) (1963); *Whiten v. Orr Const. Co.,* 109 Ga. App. 267 (136 SE2d 136) (1964). These cases obviously have no application to the case before us. The appellees also cite *Board of Drainage Commrs. v. Williams,* 34 Ga. App. 731 (4) (131 SE 911) (1925). That case merely holds that, where a construction contract contains an express provision making the owner's acceptance and approval of the work final, such acceptance and approval, when made in the absence of fraud, accident, or mistake, is binding on the owner. Accord *H. R. Kaminsky & Sons v. Smithwick Const. Co.,* 147 Ga. App. 147 (248 SE2d 211) (1978). No such provision appears in the contract in this case.

The appellants' complaint, interpreted in the light most favorable to the appellants, alleges that the road was not constructed in accordance with the contract specifications and that they were damaged as a result. The appellees have submitted no evidence which specifically negatives these allegations. Accordingly, the trial court erred in granting the motion for summary judgment.

*Judgment reversed. Webb, P. J., and Underwood, J., concur.*

ARGUED JANUARY 3, 1979 — DECIDED MARCH 13, 1979 —
REHEARING DENIED MARCH 28, 1979 —

*Curtis R. Richardson, Thomas L. Scott,* for
appellants.
*Glass, Shaifer & Connell, George H. Connell, Jr.,* for
appellees.