## 61868. KUHLKE CONSTRUCTION COMPANY v. MOBLEY, INC.

POPE, Judge.

Kuhlke Construction Company contracted with Mobley, Inc. to expand Mobley's restaurant building in Waynesboro, Georgia. Following completion of the expansion project, several problems arose relating to the quality of the workmanship. The contract price was $42,328.00 of which Mobley had paid $13,117.00. After several months of unsuccessful negotiations, Kuhlke instituted this action for the balance due and payable under the terms of the contract, $29,211.00, plus attorney fees as provided by the contract. Mobley counterclaimed for damages in the amount of $40,000.00.

Kuhlke was awarded summary judgment for the $29,211.00 balance due on the contract and the issues of attorney fees and Mobley's counterclaim were submitted to a jury. The jury returned a verdict in favor of Kuhlke for $3,500.00 in attorney fees and in favor of Mobley for $7,500.00 in damages; the trial court entered a judgment accordingly. Kuhlke brings this appeal from the judgment entered in favor of Mobley. Although each of Kuhlke's enumerations asserts a different ground for reversal of the judgment, all are premised upon the trial court's denial of its motion to dismiss and the denial of its motion for directed verdict and subsequent motion for judgment notwithstanding the verdict.

1. As grounds for its first two enumerations of error Kuhlke contends that Mobley's occupancy of the expanded portion of the restaurant since November of 1978 constituted, under express contract provisions, conclusive proof of acceptance thereof. Therefore, Kuhlke argues, Mobley's counterclaim was precluded as a matter of law under our holding in *H. R. Kaminsky & Sons v. Smithwick Const. Co.,* 147 Ga. App. 147 (248 SE2d 211) (1978).

The subject construction contract contained an identical occupancy provision to the one set forth in *Kaminsky,* supra, to wit: "Contractor's 'Acknowledgement of Completion and Acceptance'

certificate covering the project or any specified portion thereof shall be executed by Owner [Mobley] and delivered to Contractor prior to any use of or occupancy by Owner. In the event a portion or all of the project is used or occupied by Owner without providing such certificate, then such use or occupancy shall be conclusive proof of acceptance thereof by Owner." In *Kaminsky* the appellee contractor built for appellant a manufacturing plant and installed therein a fire sprinkler system. Appellant occupied the plant and shortly thereafter made final payment under the contract. Several months later, appellant notified the contractor that it had certain objections to the sprinkler system — not that the system was defective, but that it did not meet contract specifications. This court held that in light of the express terms of the occupancy provision of the contract, "the use and occupancy of the building by the appellant without objection amounted to conclusive proof of acceptance of the work as being in accordance with the contract specifications." *Kaminsky,* supra at 147.

In the case at bar Mobley admitted occupying the premises following the completion of construction in November, 1978. The evidence showed that although the construction was generally in accordance with the plans which had been drafted by Kuhlke, the plans themselves had been erroneously drafted, which resulted in a variance in the floor plan. However, the evidence also showed leaks in the roof which were caused by faulty construction and which resulted in damage to the ceiling and puddles of water on the floor of the restaurant. In addition, the rocks comprising the exterior facing of the building had fallen off in several places; the resultant repairs made on the exterior gave the walls the appearance of having been patched. The evidence further showed several other defects in regard to the quality of the work performed under the contract. Mobley notified Kuhlke of these problems as they were discovered. Except for the error in the plans, the problems which arose were apparently discovered shortly after Mobley had occupied the expanded portion of the restaurant.

The record discloses that Mobley did not seek damages for the floor plan variance. Moreover, under our holding in *Kaminsky,* Mobley would not have been entitled to such damages since its occupancy of the restaurant expansion constituted proof of acceptance of the project as having been in accordance with contract specifications. See *Bd. of Drainage Commrs. v. Williams,* 34 Ga. App. 731 (4) (131 SE 911) (1925). What Mobley did counterclaim was damages resulting from Kuhlke's negligent and defective construction. See *Paul v. Jones,* 149 Ga. App. 476 (254 SE2d 723) (1979).

The plain language of the occupancy provision of the contract does not require the result urged here by Kuhlke, namely, that by having occupied the expanded portion of the restaurant, Mobley was precluded under that provision of the contract from pursuing its statutory right to recoupment for such damages as might have been caused by Kuhlke's unworkmanlike construction. See generally *Garcia v. Garcia,* 232 Ga. 869 (1) (209 SE2d 201) (1974); *Batson-Cook Co. v. Ga. Marble &c. Co.,* 112 Ga. App. 226 (144 SE2d 547) (1965). "The law imposes upon building contractors and others performing skilled services the obligation to exercise a reasonable degree of care, skill, and ability, which is generally taken and considered to be such a degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by others of the same profession. [Cits.] And, while it is true that, on the acceptance of the work by the owner after the building contractor has rendered the entire service for which he has contracted, the contractor is authorized to proceed to collect the balance due him by the terms of the contract, any damage to the owner resulting through the negligent performance of the contract by the contractor is a matter for recoupment. [Cit.] Code § 20-1311 provides that 'Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the same contract.' If the plaintiff in undertaking to perform the building contract could, by the use of proper care and skill, have avoided the alleged damages to the defendant, and the defendant is required to incur additional expenditures in order to correct the situation brought about by the plaintiff, this would be a proper item of recoupment in reduction of plaintiff's demand." *Allied Enterprises v. Brooks,* 93 Ga. App. 832 (1a) (93 SE2d 392) (1956); *Housing Authority v. Ayers,* 211 Ga. 728 (6) (88 SE2d 368) (1955); *Trustees of Monroe Female Univ. v. Broadfield,* 30 Ga. 1 (2) (1859). Therefore, enumerations Nos. 1 and 2 are not meritorious.

2. Kuhlke's third enumeration of error contends that Mobley failed to either plead or offer proof of damages in accordance with the measure of damages required by Georgia law in cases such as this. The record discloses that Mobley filed an answer and counterclaim in this action in which it set forth specific instances of negligence and defective construction; the counterclaim alleged $40,000.00 in damages. These pleadings were sufficient to give Kuhlke notice of the general nature of Mobley's contentions. See generally *DeKalb County v. Ga. Paperstock Co.,* 226 Ga. 369 (1) (174 SE2d 884) (1970).

At trial Mobley offered the testimony of three expert witnesses

who each gave an opinion as to the cost of repairs necessary to correct the defects in construction. These opinions ranged from a low of $9,932.00 to a high of $30,000.00. Kuhlke correctly notes on appeal that the true measure of damages under the facts in this case is "the difference between the value of the work as actually done and the value which it would have had if it had been done properly in pursuance of the contract." *Small v. Lee & Brothers,* 4 Ga. App. 395, 398 (61 SE 831) (1908); *Classic Restorations v. Bean,* 155 Ga. App. 694 (6) (272 SE2d 557) (1980). However, Kuhlke's contention that Mobley has failed to offer any proof in accordance with this measurement is without merit since "[t]his difference in value may be shown [illustrated] by evidence of the reasonable cost of correcting the defect." *Windsor Forest v. Rocker,* 115 Ga. App. 317, 322 (154 SE2d 627) (1967); *Mabry v. Henley,* 123 Ga. App. 561 (2) (181 SE2d 884) (1971).

3. In its fourth enumeration Kuhlke contends that Mobley failed to provide legally sufficient proof of damages "upon which a verdict could [have been] predicated with reasonable certainty." As noted in Division 2 of this opinion, the testimony given by Mobley's three expert witnesses was widely divergent as to the amount of damages. Nevertheless, each testified as to the specific defects in construction which formed the basis of his opinion.

"The rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages. Mere difficulty in fixing their exact amount, where proximately flowing from the alleged injury, does not constitute a legal obstacle in the way of their allowance, when the amount of the recovery comes within that authorized with reasonable certainty by the legal evidence submitted." *Ayers v. John B. Daniel Co.,* 35 Ga. App. 511, 512 (133 SE 878) (1926). We conclude that the proof of damages in this case was established with reasonable certainty and that the matter was properly submitted to the jury. *Crankshaw v. Stanley Homes,* 131 Ga. App. 840 (2) (207 SE2d 241) (1974).

4. In its final enumeration Kuhlke contends that it is entitled to a judgment in its favor "because of the principle given in charge, pursuant to written request, that 'in order to recover damages, a party who bases his action on an express contract must have performed all his obligations under the contract unless such party shows a legal excuse for non-performance. Therefore, unless you find by a preponderance of the evidence that Mobley, Inc., has so performed, damages could not be recovered on its counterclaim.' " Kuhlke contends that Mobley failed to comply with the express provisions of the contract by its failure to pay the balance due

thereon. Kuhlke argues that this breach is evidenced by the trial court's grant of its motion for summary judgment in the full amount of the balance due on the contract. Therefore, according to Kuhlke, Mobley was legally barred from pursuing its counterclaim for damages.

We are aware of no authority which would require a defendant such as Mobley to pay the entire amount due on a construction contract as a condition precedent to its pursuing a counterclaim for recoupment. The purpose of the defense of recoupment is to show that the amount claimed is not due the plaintiff. *Weaver v. Roberson,* 134 Ga. 149 (2) (67 SE 662) (1909). Recoupment, upon proper proof, "is a right to have a deduction from the amount of the plaintiff's damages, or, if the damages of the defendant exceed in amount those of the plaintiff, to recover of the plaintiff the amount of the excess..." *Atlantic C. L. R. Co. v. Snodgrass & Co.,* 14 Ga. App. 668 (1) (82 SE 153) (1914). Accordingly, this enumeration is wholly without merit. The cases cited by Kuhlke in support of this enumeration are inapt to the factual situation in this case.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 2, 1981.

*O. Torbitt Ivey, Jr.,* for appellant.
*Preston B. Lewis III,* for appellee.